■ In the Matter of the Claim of ANNA ZRAUNIG, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the self-insured employer from the board's determination excusing the late filing of notice by the claimant. The board found, " Claimant's failure to give the employer written statutory notice is excused on the ground the claimant obtained prompt medical attention and the employer was not prejudiced." The claimant testified that on October 10, 1963, while on the employer's premises, she fell and injured her back. She further stated that on October 18 she consulted a doctor and told him she fell while at work but requested that no report be filed because she did not want to put the case under compensation. Thereafter intermittently she went to her attending doctor and visited a doctor while in Florida and on March 2, 1964 — five months after the accident — being advised of the necessity for an operation, she first notified her employer of the alleged accident. Section 18 of the law which provides for notice, so far as pertinent here, states that the board may excuse the failure on the grounds that there is no prejudice to the employer. The board in its finding failed to give any reason for excusing the failure to file and thus did not compy with the statute. This court has stated on occasions that " The mere naked opinion of the board that the employer had 'not been prejudiced', in the language of the section, by failure to give notice is not sufficient ". (*Matter of Goldin* v. *Schenck & Bros.*, 2 A D 2d 641; *Matter of Buchanan* v. *Deposit Cent. School*, 7 A D 2d 683, 684.) When the claimant knowingly failed to give prompt notice and instructed her physician to do likewise, no question arises as to the reason for failure to comply with the law. From the present record it could be argued that the employer was prejudiced since it was deprived of the opportunity to make a timely investigation of the happening of the accident and to have its own prompt medical examination, there being present in the record a history of prior back trouble, the answers to which would certainly have been more evident at the time of the accident. Under such circumstances, it is the obligation of the board to set forth in its

finding the reason for excusing the failure to promptly file in compliance with section 18. Decision reversed and matter remitted for further proceedings, with costs to appellant against the Workmen's Compensation Board. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur with Herlihy, J.