█  In the Matter of the Claim of EDWIN G. TILLOTSON, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed July 24, 1968, and modified on October 16, 1968 and December 12, 1968, excusing claimant from failure to comply with the notice requirement of section 18 of the Workmen's Compensation Law. Respondent testified that he sustained a left inguinal hernia on May 27, 1966 while lifting a teletypewriter. Thirteen days later, he saw his personal physician who recommended hospitalization but respondent refused, continuing his regular duties without loss of time. He did not report the injury to the employer and on October 27, 1966, respondent suffered a right hernia while assisting two coemployees in lifting a teletypewriter in the course of his employment. He again failed to report the injury to the appellant. On January 27, 1967, respondent saw his physician for the second time and was ordered to enter the hospital where surgery was performed on both hernias shortly thereafter. On February 9, 1967 after the surgery had been performed; respondent gave the appellant oral notice of the two separate accidents. Section 18 of the Workmen's Compensation Law provides that notice of injury must ge given by the claimant to the employer within 30 days after the accident as a condition to the right to compensation. However, failure to give timely notice may be excused by the board on the grounds that notice could not have been given because the claimant did not realize the seriousness of his injury or that the delay did not result in prejudice to the .employer. The board excused respondent's failure to comply with the 30-day requirement on both grounds. Respondent's failure to give notice for a period of over eight months must defeat his right to compensation. The reason for the notice statute is to afford the employer the opportunity to properly investigate the occurrence, and ascertain the extent of the injury (*Matter of Bloomfield* v. *November*, 219 N. Y. 374). The burden of showing that the delay has not been prejudicial is on the claimant (*Matter of Smith* v. *Nash Motor Corp.*, 233 App. Div. 296), and this burden has not been met. The prejudice to the appellant caused by respondent's failure to give prompt notice is obvious, since the employer was prevented from conducting a timely and proper investigation of the accident and injuries and was unable to take measures to prevent respondent from becoming disabled. (*Matter of Zraunig* v. *New York Tel. Co.*, 32 A D 2d 686.) The board's determination that respondent did not realize the seriousness of his injury is not substantiated by the record, since he sought prompt medical attention after the first injury, and hospitalization was recommended at that time. After the second injury, he experienced sharp pains which, on the basis of his previous experience, should have warned him of the extent of his injury. Decision reversed and claim dismissed, with costs to appellant against the

Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.