■ In the Matter of the Claim of STELLA KLAUSNER, Respondent, v. S & T DELICATESSEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respond-

ent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed May 12, 1972, which found that the failure of the claimant to give statutory timely notice of the accident did not prejudice the employer's opportunity to investigate the accident and resulting injuries and, accordingly, excused the failure to give timely notice. This court previously determined that a factual question existed as to whether the employer had been prejudiced because of untimely notice. We remitted for appropriate factual findings. (*Matter of Klausner* v. *S & T Delicatessen,* 37 A D 2d 1012.) The claimant has the burden of establishing that the delay has not been prejudicial. (*Matter of Wesser* v. *House of Good Shepherd,* 37 A D 2d 1005.) A mere finding that decedent received prompt medical attention is not sufficient to justify a conclusion that the employer was not prejudiced. (See *Matter of Zraunig* v. *New York Tel. Co.,* 32 A D 2d 686.) A reading of the board's finding leads us to conclude that the board placed the burden on the employer to show it was prejudiced. From an examination of the record it is clearly demonstrated that the employer was prejudiced, for he received no notice for four months and, consequently, was not afforded the opportunity to make a prompt investigation. Claimant offered no proof to refute this and thus did not meet the burden of proof of lack of prejudice. Decision reversed, and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Cooke, Sweeney, Kane and Main, JJ., concur; Herlihy, P. J., dissents and votes to affirm. (See *Matter of Klausner* v. *S & T Delicatessen,* 37 A D 2d 1012.)