■ In the Matter of the Claim of BRIDGITT COYLE, Respondent, v. MORNINGSIDE HOUSE OF ST. LUKE'S HOME et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board, filed December 28, 1971, as amended on April 20, 1972 and as supplemented on June 22, 1972 which allowed compensation to claimant. In 1970 claimant, who was then approximately 50 years old, was employed as a laundry worker for a home for the aged. According to claimant, on June 19, 1970 the door to one of the machines stuck so that she had to pull forcefully four or five times, at which time she felt a sharp pain in her chest. The following Monday, June 22, after work, she went to a doctor who caused her to be hospitalized where it was found that she had suffered a myocardial infarction, an occurrence later related by an internist to her work activities on June 19. Five months after the occurrence the employer received first notice of the compensation claim. Although at the two preliminary hearings held on February 26, 1971 the carrier raised the issues of accident, *notice*, causal relationship and occupational disease, the record does not show these issues were raised again at the hearing of March 25, 1971 when the claimant first testified while all parties were present or represented (Workmen's Compensation Law, § 18). A decision favorable to claimant was rendered on June 25, 1971 from which the carrier applied for review to the board. In a 2 to 1 decision the board affirmed the decision of the Referee, holding, among other things, that "the employer was not prejudiced, as medical treatment was rendered promptly and the employer had knowledge of claimant's condition. The failure of the claimant to give statutory written notice is therefore excused". The board, however, made no finding as to whether the employer had knowledge that claimant intended to file a claim alleging that her condition arose out of and in the course of her employment. Nor did the board make a finding as to whether the carrier waived the question of notice by failing to raise the issue at the hearing when the claimant first testified while all parties were present or represented. (Workmen's Compensation Law, § 18.) Furthermore, the board made no finding as to whether the delay in being able to investigate the accident should be excused due to lack of prejudice and since the delay here did not prejudice the employer as a matter of law, the matter must be remitted for further proceedings not incon-

sistent herewith (*Matter of Mazzei* v. *Ace Dye Works,* 39 A D 2d 973; *Matter of Klausner* v. *S & T Delicatessen,* 37 A D 2d 1012; *Matter of Zraunig* v. *New York Tel. Co.,* 32 A D 2d 686). Decisions reversed, and matter remitted for further findings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Greenblott, Kane and Reynolds, JJ., concur; Herlihy, P. J. and Staley, Jr., J., dissent and vote to affirm in the following memorandum by Staley, Jr., J. Staley, Jr., J. (dissenting): The majority of the board, in its decision of December 28, 1971, found that claimant's activities were strenuous and constituted undue strain beyond the ordinary wear and tear of life, and the injury suffered was an accidental injury within the meaning of the law. The carrier's request for review dated July 13, 1971 is based solely on the allegation that claimant did not suffer an industrial accident. By supplemental decision dated June 22, 1972, the majority of the board found " that the employer was not prejudiced as medical treatment was rendered promptly and the employer had knowledge of claimant's condition. The failure of the claimant to give statutory written notice is therefore excused." It is conceded that appellants did not raise the issue of notice at the hearing held on March 25, 1971 when claimant first testified while all parties were present or represented. Under these circumstances, the notice required by section 18 of the Workmen's Compensation Law was waived. " On this record the board could also find that notice was waived since the carrier did not raise the issue at the first hearing at which all parties were present and claimant testified. (*Matter of Coble* v. *Remington Rand,* 7 A D 2d 676.)" (*Matter of Mazzei* v. *Ace Dye Works,* 39 A D 2d 973, 974, affd. 31 N Y 2d 1034.) The cases relied on by the majority of the court present situations where the notice required by section 18 was not waived and where there was no evidence that when the employer did eventually receive notice, the opportunity to investigate did or did not prejudice the employer. The decision should be affirmed.