■ In the Matter of Melvin Freeman, Respondent, v. Mobil Oil Corporation, Appellant. Workmen's Compensation Board, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed December 22, 1971, February 9, 1973 and July 3, 1973. On April 16, 1969, in the course of a routine periodic physical examination, the employer's plant physician discovered that claimant had bilateral inguinal hernias. Claimant was unaware of this condition until discovered by the plant physician. At that time, claimant could not remember any incident when he injured himself. It appearing that the hernias did not require immediate attention, the plant physician advised the claimant to have them repaired when convenient. On August 25, 1969, claimant consulted a general surgeon and, in the course of this physician's examination, related to him that, on a day in the middle of March, 1969, while preparing a saturated salt solution, he had felt a small twinge on his left side while attempting to lift a bottle of salt solution. Being of the opinion that the hernias were causally related to that episode, the surgeon promptly filed with the board an attending physician's report, dated September 5, 1969, and forwarded a copy to the employer requesting authorization to perform a herniorrhaphy which was refused. The hernias were repaired on October 1, 1969, and claimant resumed work in the month of December. At the first hearing on October 22, 1969, the case was controverted on the issues of accident,

occupational disease, notice and causal relationship. On November 5, 1970, the referee disallowed the case on the ground of no notice. In a memorandum of decision dated July 3, 1973, the board determined as follows: "Upon further consideration the majority of the Panel find that it is established that the employer would not have obtained more information by an earlier investigation than he would have at the time he received the delayed notice. It is therefore found that the employer was not prejudiced by the untimely notice; and therefore failure to give written statutory notice is excused." Section 18 of the Workmen's Compensation Law provides that the failure to give timely notice may be excused by the board "either on the ground that notice for some sufficient reason could not have been given  *  *  *  or on the ground that the employer has not been prejudiced thereby". Here, claimant was not aware of the injury until found by appellant's plant physician, and could not at that time recall any incident which might have caused the injury. When he ascertained that the slight twinge he had felt in the month of March was a competent producing cause, the board and the employer were promptly notified. On the record it appears that the appellant could not have ascertained any more facts concerning the occurrence than those given by claimant since he was unaware of the injury and said nothing about the twinge he felt. The plant physician and nurse as well as claimant's supervisor were still in its employ at the time notice was given, and thus appellant's investigation was not impeded. We believe that the finding that the employer was not prejudiced by the late notice is supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.