In the Matter of the Claim of ROBERT ROSS, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 10, 1975, as amended by decision filed June 24, 1976, which awarded claimant benefits. According to claimant, on March 10, 1973, he injured his wrist while dismantling shelves with a socket wrench for his employer. At that time, he felt only a slight twinge of pain. He made no mention of the pain and continued to work. A week later the wrist swelled. He called his foreman and explained he could not work because of the swollen wrist. He gave no indication the injury might be work-related. On April 6, 1973, claimant's private physician, Dr. Dianni, diagnosed the problem as a chipped bone which could have been the result of any number of causes. Based on claimant's history of the twisting incident, Dr. Dianni attributed the injury to claimant's work on March 10. Claimant did not inform his employer of the possible work-related nature of the injury until January, 1974, 10 months after the alledged accident and some nine months after the diagnosis. The board found, on the basis of medical opinion submitted by claimant, that the injury was caused by a job-related accident. This conclusion is clearly justifiable since the employer submitted no contradictory medical evidence. The board forgave claimant's failure to give his employer the written notice required by section 18 of the Workmen's Compensation Law on the ground that claimant gave his foreman actual, oral notice and that the employer, in any event, was not prejudiced by any lack of notice (see Workmen's Compensation Law, § 18). There is no evidence to support the finding that the employer had the sort of actual notice required by section 18. Claimant told his foreman that something was wrong with his wrist, but not that the problem might be connected with work. In fact the foreman testified, without contradiction by claimant, that claimant

first had suggested that the swollen wrist was caused by bursitis. Even after the bone chip was discovered by Dr. Dianni, no indication was given to the employer of possible job-relatedness. The purpose of the notice requirement is to give the employer the opportunity to make a prompt investigation of any accident for which it might be liable (Matter of Tillotson v New York Tel. Co., 33 AD2d 612). The notice given by claimant herein fails to achieve this purpose and therefore does not constitute the actual notice comtemplated by the statute (see Matter of Coyle v Morningside House of St. Luke's Home, 43 AD2d 615). As for the question of prejudice, there is no explanation by the board of its finding that the 10-month delay resulted in no prejudice. Since claimant received prompt, competent medical care, the employer was not prejudiced by claimant permitting his condition to deteriorate. However, it is not clear whether prompt medical examination by a physician of the employer would have better enabled the employer to controvert the job-relatedness of the injury. It appears that the wrist was healed by the time the employer received its first notice. In the absence of an explanation by the board of its finding of no prejudice, the decision must be reversed and remitted to the board for further proceedings on the question of prejudice (see Matter of Coyle v Morningside House of St. Luke's Home, supra; Matter of Giel v Kenny Trucking Co., 38 AD2d 1001; Matter of Klausner v S & T Delicatessen, 37 AD2d 1012). Specifically, the board should determine, if prompt medical examination would have significantly furthered the employer's opportunity to controvert claimant's allegation of job-relatedness. The burden of showing lack of prejudice is claimant's (Matter of Zraunig v New York Tel. Co., 32 AD2d 686). Decision reversed, with costs to the employer against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.