■ In the Matter of the Claim of BRIDGITT COYLE, Respondent, v MORNINGSIDE HOUSE OF ST. LUKE'S HOME et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed May 8, 1975 and September 3, 1976. The instant case, previously before this court, was remitted for further findings (43 AD2d 615). Upon remittal, the board, in its decisions of May 8, 1975 and September 3, 1976, found that the claimant suffered an accidental injury arising out of and in the course of her employment. The board also excused the claimant's failure to give timely statutory notice to the employer by finding that the claimant received prompt medical attention and "that the claimant has met the burden of going forward, since the record was developed sufficiently regarding the claimant's work activities, by testimony of co-workers and the supervisor to show that the employer was able to investigate the circumstances of the claim for compensation". The sole issue to be decided on the instant appeal is whether the record supports the board's determination excusing claimant's failure to give timely notice pursuant to section 18 of the Workmen's Compensation Law. In its September 3, 1976 decision the board found that the employer was not prejudiced by the lack of written notice and that the employer was able to investigate the circumstances of the claim for compensation. Such decisions are factual

determinations for the board and if supported by substantial evidence must be affirmed *(Matter of Freeman v Mobil Oil Corp.,* 46 AD2d 826). After the close of the work day during which the claimant claimed severe chest pains, she went directly to her doctor and, on the same day, was admitted to the hospital. Her co-workers and her supervisor knew of her hospitalization and also were aware of the allegation that claimant was having trouble with the door of the washing machine, which, claimant alleges, required the strenuous effort that precipitated the injury. Such testimony provides substantial evidence to support the board's determination. Decisions affirmed, with costs to the Workmen's Compensation Board against appellants. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.