■ In the Matter of the Claim of IRVING TOLUB, Respondent, v MORRIS METZGER & SONS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals (1) from a decision of the Workers' Compensation Board, filed December 16, 1976, as amended by a decision filed December 8, 1977, and (2) from a decision filed August 3, 1977. On August 15, 1973, the claimant filed a claim for compensation in which he alleged that on April 23, 1973 he suffered an acute myocardial infarction as a result of lifting a heavy bolt of material. The claim was controverted. The referee found that claimant had suffered a myocardial infarction as a result of an industrial accident and that notice to the employer had been established. On appeal, the board remanded the matter so as to further develop the record. After a second hearing, the referee disallowed the claim on the ground that the claimant had not suffered an accidental injury within the meaning of the Workers' Compensation Law. The board found that the claimant had suffered a myocardial infarction which arose out of and in the course of employment and excused claimant's failure to give timely written notice of claim on the ground that claimant had "received prompt medical attention". We do not agree with the board that solely because the claimant received prompt medical attention the employer was not prejudiced. This reason, standing alone, is not sufficient (Matter of Ross v New York Tel. Co., 59 AD2d 815; Matter of Klausner v S & T Delicatessen, 41 AD2d 798; Matter of Zraunig v New York Tel. Co., 27 AD2d 610). It is in situations where the board has found that the claimant received prompt medical attention and that the employer was able to conduct a prompt investigation that this court has upheld the board's conclusion that the employer was not prejudiced by a late claim for compensation benefits (Matter of Coyle v Morningside House of St. Luke's Home, 59 AD2d 819). Nevertheless, in this case we find that the board's determination must be upheld because the record of the first hearing, at which the claimant testified and at which all parties were present, does not indicate that the employer or the carrier raised the question of notice. Therefore, the employer and the carrier waived their objection to the lack of notice (Matter of Diehl v American Oil Co., 48 AD2d 716; Workers' Compensation Law, § 18). Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of MARTIN SATCHELL, Respondent, v COGAL STATIONERS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 6, 1977. The majority of the board found: "Based on the probative medical evidence, claimant cannot tolerate a contact lens and without the contact lens, claimant has 100% loss of vision. It is therefore found 100% loss of use of the right eye is established." There is substantial evidence to sustain the determination of the board and there is no showing the board abused its discretion in failing to refer the matter to an impartial specialist for examination. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.