609 P.2d 603

Dan F. KEELER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

A. J. Gilbert Construction Company, Respondent Employer,

Hartford Accident & Indemnity Company, Respondent Carrier.

No. 1 CA–IC 2283.

Court of Appeals of Arizona, Division 1, Department C.

April 1, 1980.

---

1. The division has not challenged appellees' standing to assert the position of the school district.

**334**

Miller, Pitt & Feldman, P.C., by Samuel L. Moffett, Tucson, for petitioner.

Calvin Harris, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A., by J. Victor Stoffa, Phoenix, for respondents carrier and employer.

## OPINION

JACOBSON, Judge.

Essentially two questions are raised in this Special Action—Industrial Commission. The first is whether the evidence supports the hearing officer's decision refusing to waive the untimely filing of a workmen's compensation claim. The second related question is whether the award makes the requisite specific findings of material fact.

On April 17, 1977, petitioner/employee, Dan F. Keeler, filed a workmen's compensation claim for benefits arising out of a gradual industrial injury, obstructive lung disease. The carrier denied the claim and petitioner requested a hearing. Formal hearings were conducted before the Industrial Commission and an award was entered on December 22, 1977. By the award, the hearing officer determined that petitioner had failed to file his claim within the one year statute of limitations and also determined that this untimely filing should not be waived. On review, this court set aside the award of the Industrial Commission's hearing officer on the basis that the hearing officer had applied a legal test which was too restrictive in determining whether the late filing should be waived. *Keeler v. Industrial Commission*, 122 Ariz. 16, 592 P.2d 1282 (App.1979).

After remand to the Industrial Commission, the case was scheduled for further hearings. Inasmuch as this court's opinion had found no error in the hearing officer's finding in the original award that the workmen's compensation claim was untimely, the parties stipulated that the new inquiry

would be limited to the question of whether the admittedly untimely filing should be waived. The parties also stipulated that the hearing officer could decide that issue on the basis of the record established in the prior hearings without the need for further testimony.

As a result of these subsequent proceedings, the hearing officer entered an award on July 9, 1979. The hearing officer's 1979 award incorporated findings 1 through 8 and finding 10 of the original award. Additionally, the hearing officer analyzed the application of the rationale of *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972) and subsequent cases to the question of the waiver of the untimely filing. The hearing officer then determined on the basis of the *Parsons* test that petitioner had failed to show a meritorious excuse for the late filing of his workmen's compensation claim. The hearing officer further stated that even if a meritorious reason for the late filing had been shown, petitioner had failed to show that the delay was not excessive and petitioner had not met his burden of proving a lack of prejudice to the carrier arising out of the untimely claim. The award was affirmed on administrative review; petitioner then brought the matter before this court by special action.

As we noted in *Andrew v. Industrial Commission*, 118 Ariz. 275, 576 P.2d 134 (App.1977) and reiterated in *Keeler v. Industrial Commission, supra*, an untimely filing may be waived in the discretion of the hearing officer under the following conditions:

1. The claimant appears to have a meritorious position; i. e., there is some meritorious position underling the reasons for the late filing;

2. The facts do not establish excessive delay; and

3. The delay does not prejudice the insurance carrier.

118 Ariz. at 276, 576 P.2d at 135.

Petitioner concedes that he volitionally delayed filing a workmen's compensation claim in this case more than one year past the time when he recognized the seriousness of his obstructive lung disease and its relationship to his work. He argues, however, that the fact he did so out of his desire to continue working full time until he would be able to achieve early retirement, should have been viewed by the hearing officer as a meritorious excuse for the late filing in this case. The question of a workman's desire to refuse to submit to the onset of a disabling disease and to continue working at full force always presents difficult considerations for this court. On the one hand, the desire to continue to be a productive member of the work force and not to place undue reliance on workmen's compensation benefits is to be encouraged. On the other hand, there exist policy considerations which underlie the necessity for some type of limitation on the time a workman can wait to file his workmen's compensation claim once he becomes aware of it. These considerations would appear to apply as fully to the question of a waiver of a late filing as to the question of the lateness of the claim itself. Professor Larson discusses the problem in 3 A. Larson, Workmen's Compensation Law, § 78.51 (1976):

> When it is said that the compensation claim period should not begin to run until the claim itself is compensable, this does not mean that the claim period never runs until the occurrence of actual disability in the sense of quitting work, although dicta to this effect can be found.
>
> *        *        *        *        *        *
>
> There is another rather exceptional type of case, discussed earlier, in which there can be compensability without discontinuance of work; an injured man, especially in time of labor shortage, may be able and may prefer to hold onto a job which pays perhaps several times as much as he could collect in workmen's compensation. This should not, however, excuse him from giving notice of the injury, nor from making a timely claim for compensation if he wants to claim compensation at all. In other words, he should not be allowed, with full knowledge of his compensation rights, to delay the employer's

opportunity of investigating the injury indefinitely, for the purpose of clinging to his full-wage position as long as the labor market permits. *Id.* at 15–174 through 15–177.

The above language is quoted with approval in *Hughes v. Industrial Commission,* 81 Ariz. 264, 304 P.2d 1066 (1956).

In petitioner's case, there has been no showing that petitioner could not have continued to engage in some type of gainful employment, even if he had filed a workmen's compensation claim when he recognized the relationship between his employment and his obstructive lung disease. On the other hand, petitioner's decision to continue to work could conceivably result in his physical detriment by aggravating his lung condition as well as foreclosing the employer from an opportunity to transfer him to a non-injurious position or to provide medical treatment. *See* 3 A. Larson, *supra,* § 78.32.

With these competing considerations in mind, we cannot say that this case required the hearing officer to find as a matter of law that petitioner's desire to continue working until he reached retirement or until he was fully disabled provided a meritorious excuse for the late filing of his workmen's compensation claim. In addition, petitioner urges that because of his past medical experience, he subjectively thought his condition would improve and this justified his delay in filing his claim. He also contends that he was somehow misled by the carrier's representative in not timely filing a claim. We find neither of these excuses supported by the record.

■ We note in passing that although the brief filed by respondent carrier contains lengthy summarizations of Arizona cases in the area of late filings, there would appear to be no real contention that the hearing officer was bound to consider this case only in light of particular fact situations presented in such prior cases. We agree with petitioner that each case is to be viewed in reference to its own particular facts. *St. Paul Fire & Marine Insurance Co. v. Industrial Commission,* 25 Ariz.App. 595, 545 P.2d 443 (1976). However, we find no indication in the award before us that the hearing officer did not in fact consider the particular facts of this case in reaching his decision.

We next consider petitioner's argument that the hearing officer erred in finding that petitioner failed to show the delay in filing his claim in this case was not excessive.[1] As a corollary to this contention petitioner alleges that the award does not make all of the requisite material findings because it fails to specify when the one year filing period began and ended in this case. This is necessary, petitioner argues, before it can be determined whether the delay is excessive in relation to an actual deadline for filing a timely claim.

■ Assuming that petitioner adequately placed this issue before the hearing officer, the question of whether the award is sufficiently specific is determined by examining whether the findings made in the award are of such a nature that they necessarily dispose of all the material issues involved. *M. M. Sundt Construction Co. v. Industrial Commission,* 124 Ariz. 94, 602 P.2d 475 (1979). The award in this case specifically reflects the hearing officer's opinion regarding when petitioner knew or through the exercise of reasonable diligence should have known that he had a compensable industrial injury. These findings provide an adequate point of comparison in connection with the question of excessive delay. As noted earlier, the award here incorporated findings 1 through 8 of the original Industrial Commission award entered on this question. In finding number 3 of that original award the hearing officer stated:

---

1. Petitioner has not challenged the hearing officer's determination that petitioner bears the burden of proving the conditions that would justify waiver of an untimely filing, and we agree that where the carrier has affirmatively shown that the claim is in fact untimely filed that the burden of proof is on the petitioner to show why that untimely filing should be waived.

3. The evidence of record reflects, and it is therefore so found, that, prior to one year before the filing of the applicant's claim, the applicant's right thereto accrued, the applicant's injury became manifest, and the applicant knew or in the exercise of reasonable diligence should have known that he had sustained a compensable injury. Notwithstanding this knowledge, accrual and manifestation, the applicant did not wish to file said claim as long as he was still able to continue working. . . . [S]ee the applicant's original claim, filed on April 7, 1977, stating "This is a claim for an occupational disease. Mr. Keeler was first informed of this in 1975."

It is our view that the award sufficiently delineates the hearing officer's points of reference in regard to the question of excessive delay, and therefore the award does not fail for lack of requisite material findings.

▮ We turn now to the question of whether the evidence supports the hearing officer's findings that petitioner had not successfully shown that the delay in filing the workmen's compensation claim was not excessive and that no prejudice resulted to the carrier. Initially, we note that earlier in this decision we upheld the hearing officer's finding that there was no meritorious excuse for delayed filing. The conditions justifying a waiver of a late filing (meritorious excuse, excessive delay, and prejudice to carrier) are stated in the conjunctive in *Andrew v. Industrial Commission, supra.* Where the hearing officer has correctly determined that there is no meritorious reason for the late filing, the questions of whether the delay was excessive and whether there was prejudice to the carrier would appear to be moot. Nevertheless, since the record indicates that petitioner was cognizant, over a significant period of time, of the seriousness of his obstructive lung disease and the relation of that disease to his employment, we cannot say that there is no basis in the evidence for the hearing officer's determination that petitioner has not shown that the delay in this case was not

excessive. Further, under the facts presented in this particular case, where petitioner continued to work in the face of his known obstructive lung disease, we cannot say that the record compels us to hold as a matter of law that the hearing officer should have determined that there was no prejudice to the carrier or the employer arising out of the untimely filing.

For the reasons stated above the award is affirmed.

CONTRERAS, P. J., and OGG, C. J., Division 1, concur.