**STATE of Alaska and Scott Wetzel Services, Inc., Appellants.**

**v.**

**James Frank MOORE, Appellee.**

**No. S-372.**

Supreme Court of Alaska.

Sept. 20, 1985.

Michael A. Barcott, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellants.

Chancy Croft, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MATTHEWS, Justice.

On April 15, 1980, James Moore, an investigator for the Department of Commerce and Economic Development, suffered a myocardial infarction while at work. In April 1982, Moore filed a claim for the April 1980 heart attack and for the continued aggravation of that condition during his subsequent employment.

The Worker's Compensation Board held that Moore's employment between June 1980 and May 1982 had aggravated his heart condition resulting in permanent and total disability. The Board also held that Moore's claim for benefits as a result of the April 1980 heart attack was not barred by failure to give timely written notice. The state appeals the latter holding. We affirm.[1]

Written notice within thirty days of a compensable injury is required by AS

1. The decision of the Alaska Worker's Compensation Board was affirmed by the Superior Court for the Third Judicial District on January 25, 1984.

23.30.100(a) and (b). Failure to give notice does not bar a claim if the employer had knowledge of the injury or death and the employer has not been prejudiced by failure to give notice. AS 23.30.100(d). The state concedes that it had knowledge that Moore had suffered a heart attack at work, but contends that it had no notice that the heart attack was job related. The state cites Professor Larson:

> It is not enough, however, that the employer ... be aware that claimant "feels sick" or has a headache, or fell down, or walks with a limp, or has a pain in his back, or shoulder, or is in the hospital, or has a blister, or swollen thumb, or has suffered a heart attack. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment....

However, Larson continues: "indicating to a reasonably conscientious manager that the case might involve a potential compensation claim." 3 A. Larson, *Workmen's Compensation Law* § 78.31(a), at 15–100–109 (1983). Following Moore's 1980 heart attack, the state sent an insurance adjuster to talk to Mr. Moore concerning his intention to file a compensation claim for the 1980 heart attack. The investigator took a lengthy statement from Moore's co-worker who recounted the events that led up to the heart attack on the job. The state's own actions indicate that it was on notice that the 1980 heart attack was a potentially compensable injury.

The purpose of notice is to enable the employer to timely investigate the nature and extent of the claimant's injury and to afford the employer the opportunity to extend prompt medical treatment to prevent or minimize resulting disability. *Morrison-Knudsen Co. v. Vereen,* 414 P.2d 536, 537 (Alaska 1966). The state acknowledges that its investigation was not hampered by the untimely notice, nor was the state hampered in its ability to minimize the seriousness of the 1980 heart attack. The state asserts, however, that it was denied the opportunity to prevent Moore's condition from deteriorating to the permanent disability level in 1982.

A few courts have acknowledged this form of prejudice in *dictum. See Keeler v. Industrial Commission,* 125 Ariz. 333, 609 P.2d 603, 606 (App.1980); *Tillotson v. New York Telephone Company,* 33 App.Div.2d 612, 304 N.Y.S.2d 579, 581 (1969). Moreover, there is some appeal to the state's contention that had Moore informed the state that stress was a contributing factor to his health, the state might have been able to prevent further disability. But the state's contention is based upon the claimant's knowledge of stress as a causal factor. Substantial testimony at the hearing before the Board concerned just this issue. Moore's own treating physician, Dr. Baldauf, would express no opinion as to stress as a causal factor. Professor Larson explains:

> [I]t is not reasonable to expect an employer to launch an investigation every time a foreman hears someone complain of a pain or sees someone get a bump, and such knowledge does not therefore satisfy the objectives of the notice statute. On the other hand, if the employer's representatives are aware of the circumstances surrounding the occurrence of the injury, and know as much about the symptoms as claimant himself could report, the knowledge will be deemed sufficient even if the employer and employee both underestimate the seriousness of the injury.

Larson at 15–113.

The state was aware not only that Moore's heart attack occurred while he was on the job, but was also aware of all the events leading up to the attack. In light of the state's knowledge of a potentially compensable injury, the evidence does not establish that the state was prejudiced by failure to receive timely written notice. The judgment of the superior court and the decision of the Worker's Compensation Board are AFFIRMED.