493 P.2d 913

Robert PARSONS, Petitioner,

v.

BEKINS FREIGHT, Respondent Employer,

The Industrial Commission of Arizona,
Respondent,

Employer's Mutual of Wausau,
Respondent Carrier.

No. 10517-PR.

Supreme Court of Arizona,
In Banc.

Feb. 9, 1972.

Rehearing Denied March 21, 1972.

Morgan & Jerome by Donald J. Morgan, Phoenix, for petitioner.

Donald L. Cross, Former Chief Counsel, William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Comm. of Ariz.

Browder, Gillenwater & Daughton by Robert W. Browder, Phoenix, for respondent carrier.

HAYS, Chief Justice.

Petitioner, Robert Parsons, sustained an industrially-related injury on August 19, 1969, which was accepted for benefits by the insurance carrier on September 9, 1969. On December 3, 1969, Parsons was involved in an automobile accident.

On December 22, 1969, the insurance carrier issued a "Notice of Claim Status," advising Parsons that his temporary compensation was terminated December 9, 1969, because: "It was brought to our attention that you were in a private automobile accident on 12/3/69, and the problems you are presently experiencing are due to your private injury." This notice also contained the following:

"NOTICE TO CLAIMANT:

"If you are aggrieved by this notice you may apply for a hearing by filing a written application at any office of the Industrial Commission of Arizona with (sic) sixty (60) days after the date of mailing of this notice."

Parsons did not file a request for a hearing before the Industrial Commission until March 2, 1970, after the 60-day period had expired. This request was accompanied by a letter from Parsons' physician, stating that Parsons has present symptoms which are a continuation of the symptoms of the injury of August 19, 1969, and that his problem was aggravated by the accident of December 3, 1969. On March 19, 1970, a Commission hearing officer entered an award denying the petition for hearing on the grounds that the Commission was without jurisdiction to hold a hearing, the request for such not having been timely made.

Following the issuance of this award, Parsons filed a pleading entitled "Request for Review and Rearrangement," asking that his claim be reopened on the grounds that he was continuing to experience symptoms related to the industrial accident, as evidenced by the letter from his physician. The Commission rejected the request and affirmed the hearing officer's award of March 19, 1970.

In his appeal to the court of appeals, Parsons questioned the effect of his failure to request a hearing within sixty days following the mailing of the "Notice of Claim Status." The court of appeals' decision on

this question was adverse to Parsons and we granted his request for review.

A.R.S. § 23–1061, (subsec. F) provides that, "Each insurance carrier . . . shall promptly report to the commission and to the employee by certified mail . . . any denial of a claim, any change in the amount of compensation and the termination thereof, . . ." A form has been prepared by the Industrial Commission to give operation to this statute. Parsons was mailed such a form by the carrier and was therein notified that he must apply for a hearing within sixty days. (See "Notice to Claimant" quoted *supra*.)

The time limit for requesting a hearing before the Commission is set forth in A.R.S. § 23–947:

"A hearing on any question relating to a claim shall not be granted unless . . . such request for a hearing is filed within sixty days after the notice sent by certified mail under the provisions of subsection F of § 23–1061. . . ."

The question before this court is whether Parsons' failure to request a hearing within the 60-day time period deprives the Commission of jurisdiction to determine the matter.

It has been held that the Industrial Commission may relieve a claimant of the consequences of his failure to make timely filing of his original claim for compensation where circumstances warrant such relief. Parsons v. Industrial Commission, 98 Ariz. 74, 402 P.2d 20 (1965). It would appear that the same policy considerations exist when a request for hearing is filed and, therefore, that relief should likewise be granted.

The facts here indicate that relief from failure to make timely application is warranted. Parsons reported the receipt of the "Notice of Claim Status" to his physician as soon as he received it. It appears that Parsons' symptoms with regard to his original industrial injury were coming to an end at the time of his second accident, and that he would soon have been able to

return to work. This was borne out by the letter which Parsons' physician returned and which was used as the basis of Parsons' request for a hearing.

Parsons was thus in the position of not knowing whether he still had symptoms connected with his industrial accident at the time he received the "Notice of Claim Status." He remained in this position until receipt of the letter from his physician in early March, 1970. By then the 60-day time period had passed, having expired around February 22, 1970.

An analogy may be drawn between the above situation and that in which a worker is unaware that he has suffered an injury serious enough to report for compensation. In that connection, this court has held that the time within which a claimant must file starts to run when the claimant knows or by the exercise of reasonable diligence should know that he has sustained a compensable injury. McCormick v. Industrial Commission, 96 Ariz. 88, 392 P.2d 299 (1964). Until Parsons was informed by his physician that his present symptoms were related to his industrial accident, he did not know he still had a compensable injury.

■ We are aware that in the past we have held that a failure to timely file after notice of termination of an award deprives the Industrial Commission of jurisdiction to further consider the matter. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Davila v. Industrial Commission, 98 Ariz. 258, 403 P.2d 812 (1965); Martinez v. Industrial Commission, 97 Ariz. 275, 399 P.2d 678 (1965); Naylor v. Industrial Commission, 89 Ariz. 394, 363 P.2d 579 (1961); Black v. Industrial Commission, 89 Ariz. 273, 361 P.2d 402 (1961); Green v. Industrial Commission, 78 Ariz. 347, 280 P.2d 268 (1955). At this juncture, we consider it appropriate to recede from that position. When the

facts appear to warrant relief, as here, and the delay is neither excessive nor unfair in its consequences to the carrier, the Commission in the interests of justice may waive the untimeliness of the filing.*

The decision of the court of appeals is vacated and the award of the Industrial Commission is set aside.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.

---

* One of the facts to be considered by the Commission is whether the notice to the petitioner is sufficiently clear to inform him that his compensation is being termi-nated. We note that the notice here was not a model of clarity and could well have been characterized as ambiguous.