21 Ariz. App. 511 (1974)
520 P.2d 1188
In re Jimmy TRULL (Deceased).
Mrs. Willardean TRULL, widow and custodian of minor children, Petitioner,
v.
The INDUSTRIAL COMMISSION of Arizona, Respondent, Del Sol Citrus Company, Inc., Respondent Employer, Northern Insurance Co. of New York (c/o Maryland Casualty Company), Respondent Carrier.
No. 1 CA-IC 868.
Court of Appeals of Arizona, Division 1, Department A.
April 16, 1974.
Rehearing Denied May 31, 1974.
Review Granted June 18, 1974.
*512 Rees, Mercaldo & Smith, P.C., by Paul G. Rees, Jr., Tucson, for petitioner.
William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.
O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Donald L. Cross, Phoenix, for respondent carrier.
OPINION
OGG, Judge.
The issue in this case is whether a timely Request for Hearing was filed by the petitioner after she received Notice of Claim Status denying her claim.
Jimmy Trull was killed in a truck collision at Yuma, Arizona. Petitioner Willardean P. Trull, as widow and custodian of their five minor children, claims her husband was employed by Del Sol Citrus Company, Inc. at the time of the accident and that she and the children are entitled to benefits under the Arizona Workmen's Compensation Act. She filed a widow's claim on December 10, 1971 and the Respondent Insurance Carrier issued its Notice of Claim Status on December 29, 1971, denying her claim. The claim was denied on two grounds: (1) Jimmy Trull's death was not the result of an injury by accident arising out of and in the course of his employment, and (2) Willardean P. Trull was not the lawful widow of Jimmy Trull.
A Request for Hearing was filed by the petitioner with the Industrial Commission on February 29, 1972. The Respondent Insurance Carrier then moved for dismissal of the Request for Hearing on the basis that it was not timely filed under the provisions of ARS § 23-947:
§ 23-947. Time within which hearing must be requested
A hearing on any question relating to a claim shall not be granted unless the employee has previously filed an application for compensation within the time and in the manner prescribed by § 23-1061, and such request for a hearing is filed within sixty days after the notice sent by certified mail under the provisions of subsection F of § 23-1061 or within sixty days of notice of a determination by the commission, insurance carrier or self-insuring employer under § 23-1047 or § 23-1061. As amended Laws 1971, Ch. 173, § 12."
It appears in this case that the delay in filing was caused in part by the fact the petitioner and her five minor children resided in Alabama and it was difficult and time-consuming to communicate with her two Arizona attorneys, one residing in Tucson and the other in Yuma. The processing of her claim was further delayed by legal proceedings in Alabama that were necessary to first determine the marital status of the petitioner and her standing to bring the Arizona claim as the widow of the decedent.
On June 21, 1972 the Hearing Officer found that the Request for Hearing was filed sixty-one days after the Notice of Claim Status and was therefore one day late; that there was no basis upon which to excuse the untimely filing; that the Industrial Commission lacked jurisdiction and that the Request for Hearing should be dismissed. This Decision Upon Hearing was affirmed by the Industrial Commission and a Writ of Certiorari followed.
*513 Although the petitioner raises several questions for review, this case turns on whether the Industrial Commission lacks jurisdiction to proceed with the claim by reason of the untimely filing of the Request for Hearing.
The Appellate Courts of this State have generally held that a failure to timely file protest after notice of an award in industrial cases deprives the Industrial Commission of jurisdiction to further consider the matter. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Davila v. Industrial Commission, 98 Ariz. 258, 403 P.2d 812 (1965); Garcia v. Industrial Commission, 20 Ariz. App. 145, 510 P.2d 1050 (1973); Saline v. Industrial Commission, 16 Ariz. App. 204, 492 P.2d 453 (1972); Walsh v. Industrial Commission, 16 Ariz. App. 133, 491 P.2d 856 (1971). However, the Arizona Supreme Court has made exceptions to alleviate a harsh result and held that under certain circumstances the Commission has discretion to relieve an applicant of the consequences of this failure to timely file a claim. Parsons v. Industrial Commission, 98 Ariz. 74, 402 P.2d 20 (1965); Jones v. Industrial Commission, 96 Ariz. 283, 394 P.2d 213 (1964); McCormick v. Industrial Commission, 96 Ariz. 88, 392 P.2d 299 (1964).
In the recent landmark case of Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972), our Supreme Court realized the unyielding harshness of our decisions in this area and stated:
"We are aware that in the past we have held that a failure to timely file after notice of termination of an award deprives the Industrial Commission of jurisdiction to further consider the matter."
* * * * * *
"At this juncture, we consider it appropriate to recede from that position. When the facts appear to warrant relief, as here, and the delay is neither excessive nor unfair in its consequences to the carrier, the Commission in the interests of justice may waive the untimeliness of the filing."
In Parsons v. Bekins Freight, supra, the Request for Hearing was ten days late under the 60 day limit imposed by the provisions of ARS § 23-947. The claimant did not know his present symptoms were industrially related until after the 60 day period for requesting a hearing had expired. In setting aside the award of the Industrial Commission, the Supreme Court set down three definite guidelines to be used in determining if the untimeliness in filing should be waived. The guidelines appear to be: (1) Do the facts in the interest of justice warrant relief? (2) Was the delay excessive? (3) Are the consequences of granting relief unfair to the insurance carrier?
In applying the facts in this case to these guidelines it appears the Industrial Commission should have exercised its discretion and accepted jurisdiction. The one day lateness in filing could not be termed excessive delay. There are no unfair consequences to the insurance carrier either alleged or shown by the evidence. It is clearly in the interest of justice that this case be decided on its merits.
Our decision in the case before us appears to be in harmony with these guidelines and certainly in line with basic principles of law.
In practically all other fields of law we have rules and abundant case law which affords relief in appropriate cases where a party fails to meet a specific time limitation. Rule 60(c), Rules of Civil Procedure (Vol. 16, ARS), allows defaults to be set aside for numerous reasons in the interest of justice. It is the announced general policy of the law that cases should be tried on their merits and not disposed of on technicalities. Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963); Frank v. Solomon, 94 Ariz. 55, 381 P.2d 591 (1963); Dons Club v. Anderson, 83 Ariz. 94, 317 P.2d 534 (1957); Dungan v. Superior Court, 20 Ariz. App. 289, 512 P.2d 52 (1973).
These broad legal concepts have particular meaning in the field of Workmen's Compensation where the statutes are remedial *514 in nature and are to be interpreted liberally to see that justice is done. Beasley v. Industrial Commission, 108 Ariz. 391, 499 P.2d 106 (1972); Pressley v. Industrial Commission, 73 Ariz. 22, 236 P.2d 1011 (1951); Bonnin v. Industrial Commission, 6 Ariz. App. 317, 432 P.2d 283 (1967). The fact that a claimant must take some affirmative action after every notice of claim status during the processing of his claim means we have numerous time limitation pitfalls for the unwary claimant and his attorney.
We are aware that a narrower interpretation of Parsons v. Bekins Freight, supra, was made by Department B of this Court in the cases of Taylor v. Industrial Commission, 20 Ariz. App. 46, 509 P.2d 1083 (1973) and Garcia v. Industrial Commission, supra. We have been unable to find any Arizona Supreme Court decisions that would limit or prohibit the use of the Parsons v. Bekins Freight guidelines as applied to the facts of this case.
The award is set aside.
DONOFRIO, P.J., and STEVENS, J., concur.