528 P.2d 1254

Dalton REDDELL, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Salt River Power District, Respondent
Employer,

Salt River Power District, Respondent
Carrier.

No. 11662–PR.

Supreme Court of Arizona,
In Banc.

Dec. 9, 1974.

Peter T. Van Baalen, Phoenix, for petitioner.

R. E. Taylor, Legal Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

John S. Schaper, Phoenix, for respondents Employer and Carrier.

CAMERON, Vice Chief Justice.

This is a petition for review of a decision and memorandum opinion of the Court of Appeals, Division One, Department A, which affirmed a finding of the hearing officer and a decision of the Industrial Commission of Arizona that the Commission lacked jurisdiction over the case of the claimant Dalton Reddell.

The facts necessary for a determination of this matter on appeal are as follows. Claimant Dalton Reddell was injured in an

industrial accident on 16 February 1971 when a four ton trencher ran over him crushing his right leg. Claimant received compensation for this injury and his benefits were modified in February of 1972. On 19 April 1972 the insurance carrier notified the defendant of termination of medical benefits. The "Notice of Claim Status" was mailed to claimant by certified mail on 19 April 1972. A copy was mailed to the Industrial Commission and the Commission file stamp on the notice indicates it was received by the Commission a day later on 20 April 1972. The notice contained the following statement:

"Notice to Claimant: If you are aggrieved by this notice you may apply for a hearing by filing a written application at any office of the Industrial Commission of Arizona within 60 days after the date of mailing of this notice."

The notice contained the addresses of the two Commission offices in Phoenix and Tucson and also the following: "Mail To: P. O. Box 19070, Phoenix, Arizona 85005."

The 60th day from the mailing of the notice was 18 June 1972, a Sunday. Therefore, the notice of hearing could have been filed any time during office hours on Monday, 19 June 1972. On Saturday, 17 June 1972, the request for hearing was signed and the notice was mailed the same day. The notice was not received, however, by the Industrial Commission until Tuesday, 20 June 1972, one day late.

The envelope containing the notice is missing from the Commission file and we must rely solely upon the testimony of the secretary for claimant's attorney as to the time of posting of the notice. Her uncontradicted testimony indicates that the mail was posted on Saturday afternoon. The question of the pickup schedule at the building mail box in which the office of claimant's attorney was located was not developed. In the normal course of events it could be expected that the letter could be transported across town over the weekend. Absent other facts not present in the file before us, the only reasonable conclusion

to be reached from the testimony is that the notice was posted within sufficient time for the mails to deliver the notice to the Industrial Commission on Monday the 19th.

A hearing was held to determine whether or not the petition for hearing was timely filed and after taking testimony and hearing arguments from both sides, the referee held that there was no excusable neglect underlying the late receipt of the letter and that therefore the Industrial Commission was without jurisdiction.

The Court of Appeals affirmed this determination and we granted review.

The applicable statutes read as follows:

"§ 23–947.  Time within which hearing must be requested

"A hearing on any question relating to a claim shall not be granted unless the employee has previously filed an application for compensation within the time and in the manner prescribed by § 23–1061, and such request for a hearing is filed within sixty days after the notice sent by certified mail under the provisions of subsection F of § 23–1061 or within sixty days of notice of a determination by the commission, insurance carrier or self-insuring employer under § 23–1047 or § 23–1061. [As amended Laws 1971, Ch. 173, § 12]."

The statute does not further define "filed" as used in § 23–947 A.R.S.

The Rules of Procedure Before The Industrial Commission, however, defines "filing" as follows:

"Rule 5(c)

"(c) 'Filing' means actual receipt of the document, instrument or matter at the offices of the Commission during its regular hours of business on a day it is open for the transaction of business."

Rule 3 of the Rules of Procedure Before The Industrial Commission reads as follows:

"Rule 3.  Time for Filing; Computation

"All pleadings, reports, documents, instruments and other written matters shall be filed with the Commission with-

in the time required by law and these rules. The day of the act or event after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a holiday. When the period of time prescribed is less than seven (7) days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. Matters filed at any office of the Commission shall be considered as filed at the main office for purposes of computation of time."

By statute and by the Rules of Procedure Before the Industrial Commission, time starts running the day the Commission, Fund, or in this case the carrier places in the mail the notice of claim status. This time continues to run until a motion for hearing is in fact received by the Commission. Although we have excused late filings when justice demands, Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972); Trull v. Industrial Commission, 21 Ariz.App. 511, 520 P.2d 1188 (1974), the burden is upon the claimant to see that the papers arrive in the office of the Industrial Commission within the period of time prescribed. This means the party requesting the hearing, if he relies on service by mail, has the obligation of seeing that the mail is in fact posted in sufficient time for the notice to be received by the Commission.

Service by mail is a commonly used method of transmitting pleadings and giving notice in Industrial Commission matters. Considering the number of claims handled by the Industrial Commission, service by mail is certainly the most efficient, economical, and reasonable method of doing this. To require, for example, that the claimants must file the notice in the office personally would be an intolerable burden upon those claimants, especially if representing themselves, who live great distances from the metropolitan areas of Phoenix and Tucson where the two Commission offices are located.

In the instant case the mail was posted at a time when it normally would be expected the mail would arrive at the Industrial Commission on the following Monday. We regret that we must take judicial notice of the declining efficiency and reliability of the United States Post Office Department. A rule which relies upon the past efficiency and reliability of the United States Post Office Department, while most certainly a reasonable rule in the past, is today no longer justified either in fact or in expectation. We therefore hold that when it is shown in an Industrial Commission case that a claimant had posted his notice of hearing within a time within which he should expect that the notice mailed would arrive on time, then the Commission may excuse the late receipt of the notice for a hearing. Of course, if the facts indicate that the mailing was not in fact timely, then the Commission may decline to excuse the late receipt of the notice.

Award set aside.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.