576 P.2d 134

Ellen ANDREW, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Dunrite Building, Respondent Employer,

Allstate Insurance Company,
Respondent Carrier.

No. 1 CA–IC 1684.

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 22, 1977.

Rehearing Denied March 1, 1978.

Review Denied March 21, 1978.

Ronald I. Rubin, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Shimmel, Hill, Bishop & Gruender, P. C. by J. Russell Skelton, Phoenix, for respondent Employer and Carrier.

OPINION

DONOFRIO, Judge.

This case, before us for the second time, presents the question of whether the hearing officer abused his discretion when he refused to waive the untimely filing of a request for hearing directed at the carrier's initial notice of claim status denying petitioner's claim for workmen's compensation benefits.

Petitioner alleges that she suffered an industrial injury on October 25, 1973. Her claim was denied by Allstate on January 22, 1974, and on March 25, 1974, petitioner requested a hearing to protest the denial of her claim. This filing occurred one day after the running of the prescribed 60-day period for protesting the carrier's action, and Allstate, therefore, moved to dismiss the request for hearing.

After a hearing limited to the jurisdictional problem created by the late filing, the hearing officer refused to waive the late filing and found that the Industrial Commission had no jurisdiction to consider petitioner's claim on its merits. That award was later set aside by this Court because the hearing officer improperly limited his inquiry to a determination of whether petitioner was in possession of facts sufficient to enable her to properly protest the notice of claim status. Because the reason for the late filing here was a miscalculation of the 60-day period by counsel for petitioner, the hearing officer refus-

ed to apply the exception to the timely filing requirement created by *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972), which he felt was limited in application to its facts.

On the basis of the later decision of *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974), and *Janis v. Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974), this Court determined that the hearing officer had too narrowly limited the applicable rule and set aside the award so the hearing officer could decide whether the interests of justice required a waiver of the attorney's late filing.

A second hearing was, therefore, held on September 27, 1976, again limited to the issue of whether the one-day delay in filing the request for hearing would be excused. Once more, the uncontroverted evidence showed that the sole reason for the untimely filing was the miscalculation by counsel for petitioner of the 60-day period prescribed by A.R.S. § 23–947.

On October 15, 1976, the hearing officer issued an award dismissing petitioner's claim with a specific finding that, "a miscalculation in the time for filing does not constitute a meritorious excuse * * *." After the award was affirmed on review, petitioner brought this Special Action-Industrial Commission claiming that the hearing officer abused his discretion when he refused to waive the one-day late filing.

The statute requiring requests for hearing to be filed within 60 days is A.R.S. § 23–947:

"A hearing on any question relating to a claim shall not be granted unless the employee has previously filed an application for compensation within the time and in the manner prescribed by § 23–1061, and such request for a hearing is filed within sixty days * * * of notice of a determination by the commission, insurance carrier or self-insuring employer under § 23–1047 or § 23–1061 or within ten days of all other awards issued by the commission."

■ There is no question that since *Parsons v. Bekins Freight, supra,* the 60-day limit of § 23–947 is no longer jurisdictional. An untimely filing may be waived in the discretion of the hearing officer under the following conditions:

1. The claimant appears to have a meritorious position; i. e., there is some meritorious position underlying the reasons for the late filing;

2. The facts do not establish excessive delay; and

3. The delay does not prejudice the insurance carrier.

■ See *Chavez v. Industrial Commission, supra; Kleinsmith v. Industrial Commission,* 26 Ariz.App. 77, 546 P.2d 346 (1976). However, we must disagree with the hearing officer's conclusion that the reason for the late filing does not establish a meritorious position. As stated in this Court's opinion of *In Re Trull,* 21 Ariz.App. 511, 520 P.2d 1188 (1974):

"It is the announced general policy of the law that cases should be tried on their merits and not disposed of on technicalities.

These broad legal concepts have particular meaning in the field of Workmen's Compensation where the statutes are remedial in nature and are to be interpreted liberally to see that justice is done." (Citations omitted.) 21 Ariz.App. at 513–14, 520 P.2d 1190–91.

In *Reddell v. Industrial Commission,* 111 Ariz. 313, 528 P.2d 1254 (1974), our Supreme Court held that a one-day late filing should be excused where the secretary for claimant's attorney mailed the request for hearing on Saturday, expecting it to reach the Commission by Monday, the 60th day, but the mail was not actually delivered and the request filed until Tuesday, the 61st day. Similarly, an attorney's miscalculation of the time limit imposed by A.R.S. § 23–947 when such miscalculation results in no prejudice and further results in a delay as brief as one day, appears to us to be such an error as would require the untimely filing to be waived.

We find further support for our conclusion in analogous cases involving the setting aside of default judgments for excusable neglect pursuant to 16 A.R.S., Rules of Civil

Procedure, rule 60(c)(1). Mistakes by attorneys' secretaries or other office staff, in noting the time for the filing of pleadings or in actually filing the pleadings, have been held to be excusable neglect. *Coconino Pulp and Paper Co. v. Marvin*, 83 Ariz. 117, 317 P.2d 550 (1957); *Wilshire Mortgage Corp. v. Elmer Shelton Concrete Contractor, Inc.*, 97 Ariz. 65, 397 P.2d 50 (1964); *Kohlbeck v. Handley*, 3 Ariz.App. 469, 415 P.2d 483 (1966). Similarly, the majority of jurisdictions allow the setting aside of a default judgment where the evidence indicates, alone or in conjunction with other factors, error in filing an untimely pleading due to counsel's mistake in the entry on his office calendar. *Wolfsohn v. Raab*, 11 F.R.D. 254 (D.C.Pa., 1951); *Barnes v. Conner*, 44 A.2d 925 (D.C.Mun.Ct.App., 1945); and cases cited in Annot. 21 A.L.R.3d 1255 (1968).

Clearly, whether the reasons argued in support of a "meritorious position" are valid will have to be determined on a case by case basis and when there are any facts to support the Commission's findings or where material facts are in dispute, we will defer to the hearing officer's conclusion. However, the facts are not in conflict here and merely reflect the frailties of human nature. If the attorney had not been aware of the time limits required for the filing of the notice of hearing, we would not hesitate to conclude there was no meritorious position. This is not the case. The attorney was aware of the 60-day time limit, but simply miscalculated, by one, the last day on which to file his request for hearing. As we noted in *In Re Trull, supra*:

> "The fact that a claimant must take some affirmative action after every notice of claim status during the processing of his claim means we have numerous time limitation pitfalls for the unwary claimant and his attorney." 21 Ariz.App. at 514, 520 P.2d at 1191.

If "meritorious position" has any equation with equity then the facts in this case demand relief.

The award is set aside.

OGG, P. J., and SCHROEDER, J., concurring.