586 P.2d 985

**CITIZEN'S SAVINGS AND LOAN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Janet Roscoe, Respondent Employee,**

**Omaha-American Corporation, Lincoln Thrift Association, Lincoln Thrift Leasing Corp., Respondent Employers,**

**United States Fidelity & Guaranty Company, Respondent Carrier.**

**No. 1 CA–IC 1745.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 7, 1978.

Rehearing Denied Nov. 9, 1978.

Review Denied Nov. 28, 1978.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Lawrence H. Lieberman, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Michael Mignella, Jr., Phoenix, for respondent employee.

Moore & Romley by Craig R. Kepner, Cathey D. Milam, Phoenix, for respondent carrier and respondent employers Lincoln Thrift Ass'n and Lincoln Thrift Leasing Corp.

## OPINION

SCHROEDER, Judge.

Petitioner, Citizen's Savings and Loan, was found liable for compensation benefits following hearings in which it did not appear. In this special action it seeks review of the hearing officer's refusal to consider its untimely request for review of this decision.

On November 17, 1975, the respondent-employee, Janet Roscoe, suffered an industrial injury. She filed a claim for workmen's compensation benefits against the petitioner, Citizen's Savings and Loan, and against three other companies, Omaha-

American Corporation, Lincoln Thrift Association, and Lincoln Thrift Leasing Corporation, which were all insured by the respondent-carrier, United States Fidelity & Guaranty Company. All claims were denied. The respondent requested a hearing, alleging that she was employed by all four companies, and the claims were consolidated before the Industrial Commission.

Prior to the hearing, the Industrial Commission received a letter which indicated that St. Paul Fire and Marine Insurance Company was Citizen's insurer, and St. Paul was joined as a party in the action. Five days before the hearing the hearing officer dismissed St. Paul from the action. Citizen's received a copy of this order, but did not ask the hearing officer for a continuance of the hearing.

The formal hearing was held on October 27, 1976. The only issue was the identity of respondent's employer. On November 22, 1976, the hearing officer issued findings and award which found Citizen's as well as the other companies liable to the respondent for compensation benefits. United States Fidelity & Guaranty Company filed a request for review of this decision on December 21, 1976, and on February 23, 1977, the hearing officer entered an amended order affirming the original award.

A few weeks later, on March 15, 1977, Citizen's entered "a special appearance" before the hearing officer, filing a request for review accompanied by a memorandum asking that its tardiness be excused. This was the first time Citizen's had appeared in any of the proceedings before the Industrial Commission. The hearing officer denied Citizen's request for review on March 21, 1977, and this appeal followed.

Citizen's argues on appeal that the hearing officer should have held a formal hearing so that it could present evidence as to why the hearing officer should excuse its late filing of the request for review. In this regard, Citizen's relies upon *Janis v. Industrial Comm'n*, 111 Ariz. 362, 529 P.2d 1179 (1974); *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972); and *Gurovich v. Industrial Comm'n*, 23 Ariz.App. 486, 534 P.2d 294 (1975).

■ In *Parsons v. Bekins Freight*, our Supreme Court held that the Industrial Commission may relieve a claimant from an untimely request for a hearing before the Industrial Commission if the facts appear to warrant relief and the claimant's delay was neither excessive nor prejudicial to the carrier. This principle was later extended by the Court to all untimely requests for a review, rehearing or reconsideration of any order or award of the Industrial Commission. *Janis v. Industrial Comm'n*. The effect of these decisions, as we recognized in *Gurovich v. Industrial Comm'n*, was to require the Industrial Commission, in any situation in which a party filed a document in a technically untimely manner, to apply the test promulgated in *Parsons* and determine whether " 'the interests of justice require that the untimeliness of the filing be waived.' " 23 Ariz.App. at 487, 534 P.2d at 295, *quoting Janis v. Industrial Comm'n*, 111 Ariz. at 363, 529 P.2d at 1180. In determining whether the delay should be excused, the Industrial Commission should consider the party's reasons for the late filing and not the underlying merits of the party's claim. *Kleinsmith v. Industrial Comm'n*, 26 Ariz.App. 77, 546 P.2d 346, *adopted*, 113 Ariz. 189, 549 P.2d 161 (1976).

■ Citizen's contends that these cases required the hearing officer to hold a hearing and to allow it to present evidence showing why its request for review was untimely. We disagree. In this case, Citizen's request for review was accompanied by a memorandum, prepared by experienced counsel, detailing its reasons for the untimely filing. Citizen's made no request for a hearing on this petition, and merely asserted that the reasons set forth were sufficient to justify its delay. Under those circumstances there was no reason for the hearing officer to convene a formal hearing before determining that the untimeliness was not excusable.

■ The reasons given by Citizen's in its memorandum accompanying its request for review were insufficient to warrant a waiv-

er of the untimeliness of its filing. In its memorandum, Citizen's stated that, at the time of the hearing, it was in the turmoil of a receivership and that up until five days before the October 27, 1976 hearing, all documents from the Industrial Commission had indicated that it was insured. Citizen's contended below, and contends here, that when, on October 22, 1976, the hearing officer entered an order dismissing St. Paul from the action it was denied adequate notice of a hearing at which it would be considered self-insured.

Although these facts might have been sufficient to excuse Citizen's original failure to appear at the October, 1976 hearing, they do not excuse or explain its repeated failure to take any action whatsoever from the time that the hearing began on October 27, 1976, to the time when Citizen's filed its request for review on March 15, 1977. The record shows that between these dates Citizen's received a copy of the award entered by the hearing officer, a notice from the Industrial Commission of the United States Fidelity & Guaranty's request for review, and the hearing officer's decision amending and affirming his original award. Not until almost one month after the hearing officer's decision affirming the award, did Citizen's file its request for review. Under these facts, the hearing officer would have erred if he had permitted a reconsideration of the entire case on the basis of Citizen's untimely request for review. A party, after being notified time and time again of proceedings in the Industrial Commission affecting its interests, should not be allowed to sit back and wait for the proceedings to conclude before asserting or protecting its interests.

The award is affirmed.

WREN and EUBANK, JJ., concur.