592 P.2d 1282

**Dan F. KEELER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**A. J. Gilbert Construction Co., Respondent Employer,**

**Hartford Accident & Indemnity Co., Respondent Carrier.**

**No. 1 CA–IC 1975.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 16, 1979.

Rehearing Denied March 19, 1979.

Review Denied April 3, 1979.

Miller, Pitt & Feldman, P.C. by Samuel L. Moffett, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by J. Victor Stoffa, Phoenix, for respondents carrier and employer.

## OPINION

WREN, Presiding Judge.

In this workmen's compensation case, petitioner Dan F. Keeler urges us to set aside an award which found that he had failed to file a timely claim for benefits. The hearing officer issuing this award declined to excuse the late claim filed by petitioner and, therefore, dismissed his claim for lack of jurisdiction. Finding that the hearing officer applied the wrong test, we set aside the award.

Petitioner was employed by respondent A. J. Gilbert Construction Company from June, 1949, until February 14, 1977, at which time he left this employment because of a pulmonary problem which he now alleges was causally related to his employment by virtue of his inhaling silica dust over a period of many years. Petitioner filed his claim for workmen's compensation benefits on April 7, 1977. The claim was denied by the carrier and petitioner timely protested the denial. As required by A.R.S. § 23–1061(D) and our holding in *Priedigkeit v. Industrial Commission*, 20 Ariz.App. 594, 514 P.2d 1045 (1973), the carrier raised the issue of the timeliness of the claim at the first hearing.

The hearing officer, in the award in question here, agreed with the carrier's position that the claim was not filed within one year of the time when petitioner knew, or through the exercise of reasonable diligence should have known, that he had suffered a compensable injury. The hearing officer further found that there was no conduct on the part of the employer or carrier to estop them from asserting the defense of petitioner's late filing and, thus, refused to excuse the same on that basis, applying *Van Horn v. Industrial Commission*, 111 Ariz. 237, 527 P.2d 282 (1974).

Petitioner requested review of the award and, after making some minor modifications, the hearing officer affirmed his prior holding. This special action followed.

Before discussing petitioner's specific allegations of error, we note the oft-stated rule that this Court does not sit as a trier of fact, but will defer to factual determinations of the hearing officer where there is any reasonable theory of the evidence to support them. *Perry v. Industrial Commission*, 112 Ariz. 397, 542 P.2d 1096 (1975). Viewing the evidence in this light we turn now to petitioner's allegation that the time for filing his claim did not begin to run until January, 1977, when a pulmonary function test established that petitioner's obstructive lung disease had progressed to the point where hospitalization was required. Petitioner argues that this onset of disability triggered the running of the one-year time limitation for filing his claim and that, consequently, the claim filed on April 7, 1977, was within the one year allowed by A.R.S. § 23–1061.

We do not quarrel with petitioner's assertion that the date of disability is one factor to be considered in determining when the time limitations of § 23–1061 begin to run in gradual injury cases like this one. *See Mead v. American Smelting & Refining Company*, 1 Ariz.App. 73, 399 P.2d 694 (1965). In *Mead*, however, this Court specifically rejected the proposition that disability alone is determinative. We recognized that the rule in Arizona states that the time for filing a claim "starts to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should have known that he had sustained a compensable injury . . . ." 1 Ariz.App. at 76, 399 P.2d at 697.

In this case the record amply supports the hearing officer's finding that petitioner knew or should have known that he had sustained a compensable injury more than one year prior to the filing of his claim. There was evidence that petitioner had been informed by one of his physicians not later than February, 1976, that he had suffered extensive lung damage as a result of dust inhalation. Petitioner was further advised at that time to retain an attorney to investigate the possibility of filing an action against his employer for the lung damage. Petitioner, however, declined to do so because he had at that time "lost nothing" and wanted to continue working.

Viewing the evidence in a light most favorable to sustaining the award, petitioner had reason to believe he had suffered a compensable injury more than one year before he actually filed his claim. The hearing officer's finding in that regard is supported by the evidence. The question then becomes whether petitioner's failure to file within one year should have been excused by the hearing officer.

The test used by the hearing officer to determine whether the late filing of petitioner's claim should have been excused was that set forth and approved in *Van Horn v. Industrial Commission.* He did not apply the general late filing tests developed by our courts in the context of excusing late requests for hearing. *E.g., Kleinsmith v. Industrial Commission,* 113 Ariz. 189, 549 P.2d 161 (1976); *Janis v. Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974); *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974); *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972); *Andrew v. Industrial Commission,* 118 Ariz. 275, 576 P.2d 134 (App. 1977). This latter test, as we noted in *Andrew v. Industrial Commission,* 118 Ariz. at 276, 576 P.2d at 135, is threefold:

An untimely filing may be waived in the discretion of the hearing officer under the following conditions:

1. The claimant appears to have a meritorious position; *i. e.,* there is some meritorious position underlying the reasons for the late filing;

2. The facts do not establish excessive delay; and

3. The delay does not prejudice the insurance carrier.

In the first place, we do not believe that the Supreme Court in *Van Horn* intended to so strictly limit the inquiry as would the hearing officer and respondents in this case. Neither the Supreme Court nor this Court has ever indicated that the scope of the inquiry where a late claim is involved should be more limited than in the case of a late request for hearing. Furthermore, we do not believe that the hearing officer was correct in applying the *Van Horn* test. Rather, we feel the appropriate test to be applied in this case is that found in *Parsons* and its progeny, which reasoning should be extended to all situations involving late filings.

We cannot and do not determine whether the application of the correct test will change the ultimate result in this case. However, finding that the incorrect test was applied, we must set aside the award.

EUBANK, J., and STEVENS, J., retired, concur.