651 P.2d 365

Patrick COOK, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Guggy's Family Restaurant, Respondent Employer,

Aetna Fire Underwriters Insurance Company, Respondent Carrier.

No. 16057–PR.

Supreme Court of Arizona, In Banc.

Sept. 13, 1982.

Rabinovitz & Dix, P. C., by J. Stephen Dix, Tucson, for petitioner.

Calvin Harris, Former Chief Counsel, James A. Overholt, Acting Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Everett, Bury & Moeller by J. Michael Moeller, Tucson, for respondents employer and carrier.

CAMERON, Justice.

We granted claimant Cook's petition for review of a memorandum decision of the Court of Appeals affirming a decision of the administrative law judge. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

We must answer only one question on review: Did the administrative law judge err in finding that there was no jurisdiction to consider claimant Cook's request for review because it had been filed 5 days late?

The facts necessary to a determination of this issue are as follows. On 27 September 1979, Cook suffered an injury at work for which he was granted workmen's compensation benefits. After hearings, the administrative law judge entered an award determining Cook's average monthly wage. Cook disagreed with this determination and requested a review of that award. Cook's request for review of the award was filed 5 days after the 30 day filing limit. A.R.S. § 23–942(D).

A hearing was held to inquire into the reasons for the late filing. The evidence showed that the error was made by a temporary secretary who was working for Mr. Cook's attorney while the usual secretary was on vacation. Under the procedure used in the attorney's office, it was the job of the secretary to record deadlines and remind the attorneys of them. The time limit for requesting review was erroneously noted by the secretary as "Cook request for hearing." Because there were two cases in the office

with the name Cook and because the notation indicated it was a request for hearing rather than a request for review, both the attorney and the full-time secretary overlooked it. (A motion for hearing should be made within 90 days as compared to the shorter 30 days for a rehearing. A.R.S. §§ 23–942, 23–947.) A request for review was filed the day the error was discovered. The administrative law judge found that Cook had offered no meritorious excuse for the late filing and that the Industrial Commission therefore had no jurisdiction to review the award. The Court of Appeals affirmed in a memorandum decision and Cook appeals.

We note at the outset that the purpose of workmen's compensation is remedial. Provisions should be construed liberally so as to effectuate the purposes of the Act. " * * * proceedings before [the Industrial Commission] are not adversary proceedings and * * * it is as much the duty of the Commission to encourage and evaluate proper claims fairly as it is to expose and reject improper claims. The intention of the Workmen's Compensation Act was to provide benefits for workmen injured in the course and scope of their employment, and to do so by a relatively informal administrative procedure which would be less cumbersome and time consuming than formal court action. When a hearing is held it should be inclusive of all pertinent data available as of the date of the hearing * * *." *Lugar v. Industrial Commission,* 9 Ariz.App. 44, 49, 449 P.2d 61, 66 (1966). See *Allen v. Industrial Commission,* 87 Ariz. 56, 347 P.2d 710 (1959).

Also, whenever possible, cases should be tried on the merits and not dispensed with on procedural motions. *In re Trull,* 21 Ariz. App. 511, 520 P.2d 1188 (1974). In accordance with the policy of applying the Workmen's Compensation Act to effectuate its purpose, we have held that time limits imposed by the Act may be waived. Where the facts appear to warrant relief, and where the delay is not excessive or unfair,

the Commission may, in the interests of justice, waive the timeliness of filing. *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972).

Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S., sets forth the standard for excusable neglect in civil cases. The rule states:

"60(c) Mistake, inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;"

Arizona case law has long recognized that the error of a secretary can excuse an untimely filing. For example, the inadvertent failure of a secretary to notify an attorney of a deadline can warrant setting aside a default on the grounds of excusable neglect. See *Wilshire Mortgage Corp. v. Elmer Shelton Concrete Contractor, Inc.,* 97 Ariz. 65, 397 P.2d 50 (1964), where the secretary neglected to enter a summons because she was called away from work by an illness and subsequent death in the family; and *Coconino Pulp & Paper Co. v. O. F. Marvin,* 83 Ariz. 117, 317 P.2d 550 (1957), where the secretary who was responsible for preparing calendar sheets for all the attorneys in the office failed to deliver a calendar to one attorney, who missed a deadline. Similar facts to those in the case at bar are found in *Kohlbeck v. Handley,* 3 Ariz.App. 469, 415 P.2d 483 (1966), where a new secretary failed to advise the attorney of a deadline. In each of these cases, it was held on appeal that the secretaries' errors constituted excusable neglect within the meaning of Rule 60(c) and warranted setting aside the defaults.

The rationale behind treating a secretary's mistake as excusable applies equally to criminal cases. In *State v. Pope,* 130 Ariz. 253, 635 P.2d 846 (1981), we held that the "big firm rule" can apply to the public defenders' office when the mistake of a secretary causes an attorney to miss a deadline. We stated:

"Allowing a late filing under the circumstances of this case does not, we believe, constitute a threat to the rights of others nor unduly burden the court. There is no indication that the State was prejudiced by the delay in the filing of the motion for rehearing, or that the trial court was deprived of a 'last chance to correct any errors or omission.' (citation omitted)" *State v. Pope,* supra, 130 Ariz. at 255, 635 P.2d at 848.

■ And it has been specifically held that a secretary's error can justify waiver of timely filing in Industrial Commission cases. In *In re Trull,* supra, where confusion and delays were caused by the fact that the claimant was living out of state, the Court of Appeals ruled that the applicant be relieved of the consequences of a late filing, and the Court of Appeals reached a similar conclusion in *Andrew v. Industrial Commission,* 118 Ariz. 275, 576 P.2d 134 (App.1977), where the late filing was due to miscalculation of the deadline by the attorney. The court stated:

"Clearly, whether the reasons argued in support of a 'meritorious position' are valid will have to be determined on a case by case basis and when there are any facts to support the Commission's findings or where material facts are in dispute, we will defer to the hearing officer's conclusion. However, the facts are not in conflict here and merely reflect the frailties of human nature. * * * If 'meritorious position' has any equation with equity then the facts in this case demand relief." *Andrew v. Industrial Commission,* supra, 118 Ariz. at 277, 576 P.2d at 136.

We believe that a substitute secretary's inaccurate notation warrants waiver of the timely filing requirement. We are unpersuaded by the Industrial Commission's attempt to distinguish Andrew by noting that the delay here is five days, rather than one day as in Andrew, and the fact that Mr. Cook was not completely forclosed from relief. Five days is by no means excessive, particularly where the claimant acted immediately to assert his rights once the oversight was discovered. As we have stated:

"It is apparent from what we said in Janis that short delays are the least important aspect of this test. What is important is that the facts appear to warrant relief and that the delay is not unfair in its consequences to the carrier in that the carrier was not in some way damaged to his prejudice." *Chavez v. Industrial Commission,* 111 Ariz. 364, 365–6, 529 P.2d 1181, 1182–3 (1974).

In the instant case, the delay was not excessive, and the Commission has been unable to show that it was prejudicial. *Parsons v. Bekins Freight,* supra. We believe Cook's untimely filing was excusable as a matter of law, and that it was an abuse of discretion to deny Cook a rehearing.

The Court of Appeals opinion in *Cook v. Industrial Commission* is vacated, the award is set aside, and the matter is remanded for rehearing.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.