685 P.2d 1361

**UNITED ASPHALT OF ARIZONA,**
Petitioner Employer,

**Insurance Company of North America,**
Petitioner Carrier,

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Stanley Rhoe, Respondent Employee.**

**No. 1 CA–IC 3052.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 2, 1984.

---

Moore & Long by Joseph L. Moore and James B. Long, Phoenix, for petitioner employer and petitioner carrier.

Sandra Day, Chief Counsel, Phoenix, for respondent Industrial Com'n of Arizona.

Mark Mignella, Phoenix, for respondent employee.

## OPINION

HAIRE, Judge.

The issue presented in this review is whether the Industrial Commission's administrative law judge abused his discretion in dismissing an untimely request for review filed by the petitioning carrier. We hold that he did, and remand the matter for a determination on the merits of the request for review.

The background facts are not in conflict and show that in June 1982, the carrier had issued a notice of claim status terminating the claimant's temporary compensation benefits and finding that the claimant had become stationary with permanent impairment. The claimant filed a timely request for hearing.

In due course the matter was scheduled for hearing to be held on February 2, 1983, before the Commission's administrative law judge. While preparing for the scheduled hearing, the carrier's counsel became concerned that perhaps the finding of permanent impairment as a result of the subject industrial incident had been mistakenly made and that medical evidence might be available to show that claimant's permanent impairment was in fact the result of a prior industrial injury. At about the same time, newly retained counsel for the claimant decided that claimant's request for a hearing should be withdrawn, and on Janu-

ary 17, 1983, filed a letter with the Commission seeking withdrawal of the request. On the next day, January 18, 1983, the administrative law judge entered his order dismissing the claimant's request for hearing.

Meanwhile, on the same date, January 18, 1983, the carrier issued a new notice of claim status purporting to rescind the June 1982 notice of claim status which had found that claimant had incurred permanent impairment as a result of the subject industrial injury. This new notice of claim status was immediately followed by a January 19, 1983 notice of claim status which purported to terminate claimant's benefits *without permanent impairment.* Copies of these two new notices of claim status and a copy of the administrative law judge's order dismissing claimant's request for hearing were received in the office of carrier's counsel on the same day. An appropriate calendaring for follow-up action on the administrative law judge's order would have been 30 days later (A.R.S. § 23–942(D), request for review). The appropriate calendaring for follow-up action on the two notices of claim status would have been 90 days later (A.R.S. § 23–947(A), request for hearing). In performing her calendaring duties, counsel's secretary appropriately calendared the two notices of claim status, but erroneously neglected to calendar for any future required action on the administrative law judge's order, because she believed that the two new notices of claim status supplanted and replaced the administrative law judge's order.

Thereafter on February 23, 1983, in reviewing the file, counsel for the carrier noted the existence of the administrative law judge's order and immediately filed his request for review. This was six days after the expiration of the statutorily allowed time. Claimant then moved to dismiss the carrier's untimely request for review, and a hearing was subsequently held for the sole purpose of determining whether the untimely filing should be waived by the administrative law judge. After hearing the arguments of counsel and considering affidavits and legal memoranda in support of the parties' respective contentions, the administrative law judge entered his order dismissing the carrier's untimely filed request for review. That dismissal is the subject of the carrier's special action request for relief in this court.

■ Preliminarily we note that the merits of the carrier's request for review would be governed by the principles set forth in *Arizona Public Service Co. v. Industrial Commission,* 133 Ariz. 358, 651 P.2d 886 (1982), and that the merits of the request for review were not before the administrative law judge nor are they to be considered by this court in deciding whether the administrative law judge abused his discretion in entering his order of dismissal. *See Kleinsmith v. Industrial Commission,* 26 Ariz.App. 77, 546 P.2d 346 (1976), *adopted and approved* 113 Ariz. 189, 549 P.2d 161 (1976). The "meritorious reason" which must be shown to warrant relief from an untimely filing in a workmen's compensation proceeding relates solely to a showing of the reasons for the untimeliness of the filing, and not to a showing of a substantively meritorious position justifying relief in any future proceedings which might occur as a result of the untimely filed document. *Kleinsmith v. Industrial Commission, supra.* We emphasize the foregoing because a review of the hearing transcript reveals that in this matter the administrative law judge appeared to be almost entirely preoccupied with questions relating to the substantive merits of the carrier's request for review. We do note however that his formal decision and order does recite a finding that the carrier failed to show a meritorious reason why its late filing should be excused.

■ In our opinion the Arizona Supreme Court's recent decision in *Cook v. Industrial Commission,* 133 Ariz. 310, 651 P.2d 365 (1982) requires a reversal of the administrative law judge's refusal to waive the untimely filing in this matter. *See also, Wilshire Mortgage Corp. v. Elmer Shelton Concrete Contractor, Inc.,* 97 Ariz. 65,

**212**

397 P.2d 50 (1964); *Coconino Pulp and Paper Co. v. O.F. Marvin,* 83 Ariz. 117, 317 P.2d 550 (1957); *Kohlbeck v. Handley,* 3 Ariz.App. 469, 415 P.2d 483 (1966); *State v. Pope,* 130 Ariz. 253, 635 P.2d 846 (1981); *In re Trull,* 21 Ariz.App. 511, 520 P.2d 1188 (1974); *Andrew v. Industrial Commission,* 118 Ariz. 275, 576 P.2d 134 (App. 1977). The facts in *Cook,* as in this case, involved an untimely filing of a request for review. Similarly, in *Cook* as in this case, the untimely filing was the result of a secretarial calendaring error. In *Cook* the secretary ambiguously calendared the time limit on the correct date as "Cook request for hearing" rather than "Cook request for review." On the pertinent date the attorney ignored this notation with the only explanation · being that there were two cases in the office with the name of Cook and that the notation indicated it was a request for hearing rather than a request for review.[1] The administrative law judge rejected this explanation for the attorney's failure to timely file the request for review, and entered an order dismissing the untimely filed request for review. The Arizona Supreme Court set aside the dismissal holding that the "untimely filing was excusable as a matter of law, and that it was an abuse of discretion to deny Cook a rehearing" on the merits of his request for review.

*A fortiori* the facts in this case require a finding that the administrative law judge abused his discretion in dismissing the carrier's untimely filed request for review. Here, unlike in *Cook* where the calendaring notation was merely ambiguous, the secretarial calendaring error resulted in a complete absence of notice to carrier's counsel. As previously indicated in this opinion, this calendaring failure was first noticed by counsel some six days after the filing deadline when he was reviewing the file, and the untimely request for review was then immediately filed.[2] We therefore hold, as a matter of law, that the facts relating to the cause for delay in this case warranted relief from the untimely filing and that the administrative law judge abused his discretion in dismissing the carrier's request for review. Since there is no contention that the delay in filing was excessive or was unfairly prejudicial to the claimant, the administrative law judge's order must be set aside. *See Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972); *Cook v. Industrial Commission, supra; Kleinsmith v. Industrial Commission, supra.*

The order dismissing the carrier's request for review is set aside.

GREER, Acting P.J., and MEYERSON, J., concur.

---

1. The opinion does not reveal that the attorney in *Cook* reviewed either of the "Cook" files on the calendared date.

2. The request for review in Cook was filed five days after the deadline.