NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

FRY'S FOOD & DRUG, *Petitioner Employer*,

KROGER CO, *Petitioner Insurance Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

LINDSEY BRILES, *Respondent Employee*.

No. 1 CA-IC 21-0039
FILED 6-2-2022

---

Special Action - Industrial Commission
ICA Claim No. 20200-450471
Carrier Claim No. 30204436706-0001
The Honorable Janet Weinstein, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Quintairos, Prieto, Wood & Boyer, PA, Scottsdale
By Terence N. Cushing, Chandos P.W. Culleen, Rita J. Bustos
*Counsel for Petitioners Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lindsey Briles, Maricopa
*Respondent Employee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1        Kroger, Inc., a self-insured employer operating as Fry's Food and Drug, challenges an Industrial Commission award ("Award") that compensated Lindsay Briles for her injury. Kroger's failure to timely request administrative review amounts to excusable neglect, but we otherwise affirm the Award.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        In January 2020, Briles injured her neck when she stood on a stool and reached for a container of avocados that a customer requested. Briles did not seek medical help that day, but she used ice and aspirin to reduce her pain. Five days later, Briles went to an urgent care center, and a doctor diagnosed her with a pinched nerve in her neck. The urgent care doctor treated Briles with steroids, muscle relaxers, and rest.

¶3        Briles described her injury and treatment to Fry's, which sent Briles to Kroger's worker's compensation doctor. This doctor diagnosed Briles with a strain and prescribed physical therapy. Kroger denied her worker's compensation claim, and she requested a hearing.

¶4        The Industrial Commission held the hearing by videoconferece over multiple days. Only Briles and Dr. Tyler Carter testified. Carter testified that he examined Briles at the urgent care five days after her injury and diagnosed her with cervical radiculopathy. He also testified that Briles's injury was related to her work incident.

¶5        While Briles questioned Carter, the administrative law judge ("ALJ") interrupted and asked Briles if anyone was "whispering" to her. Briles responded, "No. I have a fan on." Kroger's counsel stated he also thought he heard a male voice correcting Briles's use of a word. Briles again claimed to be alone.

¶6         Kroger submitted an independent medical examination ("IME") prepared by Dr. James D. Maxwell. The IME included findings that Briles sustained a neck sprain or strain, rather than radiculopathy. And in the IME, Maxwell concluded that Briles's sprain had since healed, although he recommended magnetic resonance imaging of her neck to confirm that she suffered no permanent impairment.

¶7         The ALJ issued the Award in January 2021. The ALJ found Briles was not an "entirely credible witness" when she denied that someone was with her during the hearing. But the ALJ nonetheless found Briles's testimony about her injury credible. The ALJ gave more weight to the IME than to Carter's radiculopathy diagnosis but still found Briles's injury compensable.

¶8         The Industrial Commission mailed the Award on January 26, 2021. 31 days later, Kroger filed a request for review. The ALJ dismissed Kroger's untimely request because the parties needed to request review within 30 days. *See* A.R.S. § 23-942(D).

¶9         Kroger then requested a waiver, citing *Cook v. Indus. Comm'n*, 133 Ariz. 310 (1982), which allows for waiver under certain conditions. The ALJ scheduled a hearing to determine whether excusable neglect led to the missed deadline.

¶10         Kroger did not call any witnesses or submit any affidavits at the excusable neglect hearing. Instead, Kroger's counsel avowed that his legal assistant committed a calendaring error when she assumed February 26 was 30 days after January 26. The ALJ issued a supplemental order upholding the dismissal of Kroger's untimely request for review. The ALJ noted Kroger "failed to present testimony from the legal assistant responsible for docketing the deadline." Alternatively, and "in the interest of judicial economy," the ALJ issued modified findings on the claim's merits, consistent with the Award's compensability finding. Kroger then brought this statutory special action.

**DISCUSSION**

¶11         We consider the evidence in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). Awards are final unless a party files a timely request for review. A.R.S. § 23-942(D). Kroger acknowledges on appeal that it filed the request for review one day late.

¶12    Waiver of a timely filing requirement may be warranted if the delay was not excessive and the other party suffers no prejudice. *Cook*, 133 Ariz. at 312–13. In *Cook*, a temporary secretary mistakenly calendared the request for review deadline. *Id.* at 311. When the attorney discovered the error, he immediately filed a request—five days after the statutory deadline. *Id.* Referring to Arizona Rule of Civil Procedure 60, our supreme court held waiver is permissible for "mistake, inadvertence, surprise or excusable neglect." *Id.* at 312.

¶13    Kroger argues that the circumstances here justify waiver. Kroger's counsel stated his legal assistant made a minor calendaring error that resulted in a one-day-late request for review. This delay was not excessive and waiver does not prejudice Briles's ability to respond. We thus set aside the ALJ's order that dismissed Kroger's request for review and address the merits of Kroger's appeal.

¶14    Kroger contends Briles forfeited her claim when she falsely testified that she was alone during the hearing. Kroger cites § 23-1028(A) in support, but that provision explicitly requires a conviction for making the false statement to trigger forfeiture. No such conviction appears in the record.

¶15    Kroger also contends the ALJ erred when it found Briles's testimony about her injury to be credible despite finding she was "not . . . an entirely credible witness." The ALJ explained she believed Briles lied about being alone but found her credible when she testified about the work incident. These are not inconsistent conclusions, and we will not second-guess the ALJ's credibility determinations. *See Royal Globe Ins. Co. v. Indus. Comm'n*, 20 Ariz. App. 432, 434–35 (App. 1973) (we defer to the ALJ's witness credibility assessments). Kroger has shown no abuse of discretion.

**CONCLUSION**

¶16    We affirm the Award.

