NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SILVESTRE CHACON, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

FLOWERS FOODS, *Respondent Employer*,

ACE AMERICAN INSURANCE CO, *Respondent Insurance Carrier*.

No. 1 CA-IC 22-0024
FILED 1-12-2023

Special Action - Industrial Commission
ICA Claim No. 20210390725
Carrier Claim No. 20N59J517509
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Silvestre Chacon, Maricopa
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark Barberich La Mont & Slavin PC, Phoenix
By Kirk A. Barberich
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

**¶1**　　　The Industrial Commission of Arizona ("ICA") dismissed Silvestre Chacon's claim on his failure to appear at a hearing and failure to timely request administrative review. Because the record supports the dismissal, we affirm.

**¶2**　　　Chacon, who works as a baker for Flower Foods, filed a claim for workers' compensation that was denied by the insurance carrier. He timely requested a hearing before an ICA administrative law judge ("ALJ"). The ICA set the hearing for December 14, 2021, but Chacon failed to appear and the ALJ dismissed his claim as abandoned.

**¶3**　　　A week later, the ALJ issued an award confirming the dismissal and informing the parties that if either of them was dissatisfied with the decision they must file a written request for administrative review within 30 days. On February 7, 2022, more than 30 days later, Chacon filed a request for review, stating that he was not present at the hearing because he was "overly exhausted" from work, causing him to "sleep[] in" past the hearing start time. The ALJ reconsidered the record and affirmed the award because Chacon's request for review was untimely and his failure to appear at the December 14 hearing was without good cause. Chacon then requested review by this court.

**¶4**　　　An ICA award is final unless one of the parties files a request for review within 30 days of service. A.R.S. § 23-942(D). When a claimant seeks relief from a finding that the claimant's request for review was untimely, the ALJ must consider several factors, including whether a meritorious reason exists for the untimely filing. *Janis v. Indus. Comm'n*, 111 Ariz. 362, 363 (1974); *United Asphalt of Ariz. v. Indus. Comm'n*, 141 Ariz. 209, 211 (App. 1984).

**¶5** Here, the record does not reveal any reason why Chacon filed his review request late, so he failed to establish good cause for the late filing. Even in his appellate briefing, he has not explained why he failed to meet the 30-day deadline. The record shows he was informed of the deadline, so he knew of its importance. Moreover, his reason for failing to appear at the hearing does not constitute good cause. We therefore affirm the ICA award dismissing Chacon's claim.



AMY M. WOOD • Clerk of the Court
FILED:    AA