543 P.2d 1152

Arnold F. VAN DUZEE, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

National Turf & Lawn Sprinkler Company,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 1217.

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 18, 1975.

Gorey & Ely by Joseph M. Bettini, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund by Don A. Fendon, Phoenix, for respondents employer and carrier.

OPINION

NELSON, Presiding Judge.

On November 28, 1973, petitioner Arnold Van Duzee (Van Duzee) was employed as a sprinkler apprentice by respondent, National Turf & Lawn Sprinkler Company, fitting and placing pipe for automatic lawn sprinkling systems. On that date, as Van Duzee was performing his assigned duties, a pickup truck passed his job site. As it did, a co-employee of Van Duzee, Phillip Rohe, made an obscene gesture at the passengers of the truck. The truck proceeded down the road a short distance, then returned to the job site. The occupants of the truck exited and words were then exchanged, primarily between the driver of the truck, Gary Williams, and the worker who had made the obscene gesture, Phillip Rohe. The testimony of all parties indicated that Van Duzee and a third co-employee, Tony Waggoner, did not enter into the verbal exchange to any significant extent. The verbal battle between Williams and Rohe soon developed into a physical one. Up to this point in the sequence of events, there is little significant conflict in the evidence.

After Williams and Rohe began fighting, Van Duzee had a confrontation with Williams wherein he suffered the injuries herein complained of. There is considerable conflict in the evidence as to how Van Duzee became involved in the fray. What was his intention in entering the fray? Was he a potential peacemaker? Did he want to stop the fight, or was he interested in expanding the altercation and getting his punches in? Because the hearing officer refused to meet this issue squarely, although specifically requested to do so by Van Duzee in his request for review of the hearing officer's award of a non-compensable claim, we must set the award aside.

The hearing officer based his award upon the finding that the injuries Van Duzee received were the result of a private quarrel or assault and did not "arise out of" his employment. The legal theory upon which Van Duzee sought compensation was that regardless of the origin of the initial assault between Rohe and Wil-

liams, Van Duzee's participation was that of a peacemaker, endeavoring to stop a fight which was disrupting the employer's work. If this theory was supported by the evidence, there is authority for granting compensation under the workmen's compensation laws. See generally: 1 Larson's *Workmen's Compensation Law*, § 11.12; *William E. Peters's Case*, 362 Mass. 888, 291 N.E.2d 158 (1972); *Seymour v. Rivera Appliance Corporation*, 28 N.Y.2d 406, 322 N.Y.S.2d 243, 271 N.E.2d 224 (1971); *United States Casualty Company v. Henry*, 367 S.W.2d 405 (Tex.Civ.App.1963); *Cierpial v. Ford Motor Company*, 16 N.J. 561, 109 A.2d 666 (1954); *Kaiser Co. v. Industrial Accident Commission*, 65 Cal. App.2d 218, 150 P.2d 562 (1944). While there is no Arizona decision on this point regarding an attempt to stop a fight occurring on the job site during working hours and involving one or more coworkers, it is our view that a reading of the Arizona decisions regarding assault, in light of the foregoing authorities, would allow a recovery for any injuries suffered by a bona fide peacemaker. See generally: *Toler v. The Industrial Commission of Arizona*, 22 Ariz.App. 365, 527 P.2d 767 (1974); *Colvert v. Industrial Commission of Arizona*, 21 Ariz.App. 409, 520 P.2d 322 (1974); *Peter Kiewit Sons' Co. v. Industrial Commission of Arizona*, 88 Ariz. 164, 354 P.2d 28 (1960).

While our statutes and decisions do not require a specific finding of fact on every issue which might be involved in a hearing, they do require that the findings be of such a nature that they dispose of all the material issues. *Cammeron v. Industrial Commission of Arizona*, 98 Ariz. 366, 405 P.2d 802 (1965); *Sproul v. Industrial Commission of Arizona*, 91 Ariz. 128, 370 P.2d 279 (1962); *Foster v. Industrial Commission of Arizona*, 46 Ariz. 90, 47 P. 2d 428 (1935). Whether Van Duzee was a peacemaker is clearly a material issue, if not the major issue, in this case.

The award is set aside.

WREN and SCHROEDER, JJ., concur.