549 P.2d 247

**Billie L. EPPERSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Mountain Bell, Respondent Employer,**

**Mountain Bell, Respondent Carrier.**

**No. I CA–IC 1347.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 11, 1976.

Rehearing Denied June 18, 1976.
Review Denied July 13, 1976.

Ely & Bettini by Herbert L. Ely, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Fennemore, Craig, von Ammon & Udall, by Michael Preston Green and Dwayne L. Burton, Phoenix, for respondent Mountain Bell.

## OPINION

NELSON, Judge.

The primary question presented by this appeal is whether the assault upon Billie Epperson (Mrs. Epperson) on April 28, 1973 arose out of and occurred in the course of her employment with respondent Mountain Bell. The hearing officer found, and affirmed on review that while the assault occurred during the course of petitioner's employment, it did not arise out of that employment, and was therefore not compensable under the Workmen's Compensation Act of Arizona. We agree with this conclusion and therefore affirm the award.

Mrs. Epperson sustained a gunshot wound while on the premises of Mountain Bell. She was married to the assailant, Willie Epperson (Mr. Epperson). Their stormy marriage of over 20 years had been plagued by violent fights, often precipitated by Mr. Epperson's frequent intoxication and extreme jealousy.

On Friday, April 27, 1973, petitioner and her husband had a serious quarrel at home. Shortly thereafter, Mrs. Epperson left the house and went to work at Mountain Bell. That night she stayed in a motel with three of her four children. Mrs. Epperson went to work a little early on Saturday in hopes of avoiding a con-

frontation with her husband, who was familiar with her time schedule. Upon entering the employer's premises, petitioner told the security guard that she was having some personal difficulties with her husband and did not wish to see him if he should come to the building.

Mr. Epperson was angered by his wife's failure to return home Friday night. On Saturday morning he drank two bottles of beer and some Scotch, hid a gun under his shirt, and went looking for his wife. He arrived at the Mountain Bell building at approximately 10:30 a. m. At approximately 10:30 a. m., he was standing at the security guard's desk when his wife appeared in that area after returning from the cafeteria. Mr. Epperson approached Mrs. Epperson, and for approximately five to ten minutes conversed with her in an unthreatening manner and in a normal tone of voice.

Mr. Epperson urged his wife to talk with him; she insisted that she had to return to work. During this time petitioner did not address the security guard, nor did he speak to her. She testified that she walked in front of the guard to enable him to see anything that transpired. Mr. Epperson subsequently turned his back to the security guard, reached under his shirt, grabbed his gun, disarmed the guard, and shot his wife. Soon thereafter the police arrived and subdued Mr. Epperson.

██ In order for an injury to be compensable, it must "arise out of" the employment and be sustained "in the course of" the employment. *Royall v. Industrial Commission of Arizona,* 106 Ariz. 346, 476 P.2d 156 (1970). The term "arising out of" is said to refer to the origin or cause of the injury, while "in the course of" refers to the time, place and circumstances of the accident in relation to the employment. The hearing officer specifically found that the accident occurred in the course of Mrs. Epperson's employment. We agree with that finding. It thus becomes necessary to inquire whether the assault in question "arose out of" Mrs. Epperson's employment.

██ If the motivating cause of an assault is purely personal, compensation is ordinarily denied. 1 Larson, *Workmen's Compensation Law,* § 11.21 (1972). This Court has stated that:

"When the animosity or dispute that culminates in an assault is imported into the employment from claimant's domestic or private life, *and is not exacerbated by the employment,* the assault does not arise out of the employment under any test." *Wyckoff v. The Industrial Commission of Arizona,* 14 Ariz.App. 288, 482 P.2d 897 (1971). (Emphasis added)

The case at bar is factually distinguishable from *Peter Kiewit Sons' Co. v. Industrial Commission of Arizona,* 88 Ariz. 164, 354 P.2d 28 (1960). There the Court held the assault to be compensable because the subject matter of the dispute which led to the assault was causally related to the employment. Mrs. Epperson's case is also distinguishable from *Toler v. The Industrial Commission of Arizona,* 22 Ariz. App. 365, 527 P.2d 767 (1974), holding that the assault by an inebriated co-employee was compensable in the absence of any private non-work-related motivation for the assault.

Petitioner contends that her injuries resulted from an assault which arose out of her employment in that the assault was exacerbated by the employment. She points to three specific occurrences as having exacerbated the assault: "The act of flirtation; the ending of her coffee break; and the reliance upon the security guard for protection." We hold that none of these circumstances constituted an exacerbation of the assault by the employment so as to bring the assault within the meaning of the Workmen's Compensation Act.

██ There was no evidence of any act of flirtation on the part of either the security guard of Mrs. Epperson. We reject this argument summarily.

The issue of suspected flirtation as an exacerbation of the employment situation has recently been treated in *Robbins v. Nicholson*, 281 N.C. 234, 188 S.E.2d 350 (1972) [reversing 10 N.C.App. 421, 179 S.E. 2d 183 (1971)]. In analyzing the issue of causal relation, the Court determined that the risk of murder by a jealous spouse was not an incident of employment. Similarly, marital friction and difficulties were not deemed to be risks arising out of the nature of the employment in question.

■ Mrs. Epperson next points to the fact that she angered her husband by telling him that she had to return to work after her break. She contends that this shows further exacerbation of the assault by her employment. This argument also fails to convince us that her work exacerbated the assault. The evidence supports the conclusion that Mr. Epperson's anger was stirred by the fact that she finally quit talking to him and walked away, rather than that she was going to return to work.

■ The third respect in which Mrs. Epperson contends that the assault was exacerbated by her employment is her reliance upon the security guard for protection. While the security guard had knowledge of the marital conflict and Mrs. Epperson's desire to have her husband denied admission to the building, the guard was not informed of Mr. Epperson's violent nature or the fact that he might be armed. Mr. Epperson was stopped at the door. It was not until his wife appeared in that area that he actually entered the building. The discussion between them was conducted in a normal voice. There was no request or indication of a need for assistance. From these facts one is not compelled to conclude that the guard knew of Mrs. Epperson's danger or that she had conveyed her fears sufficiently to justify any reliance upon the guard for protection.

■ Petitioner argues that *Carter v. Penney Tire and Recapping Company*, 261 S.C. 341, 200 S.E.2d 64 (1973) is apposite to the determination of this case. That case allowed an award of compensation because (1) the employer had been aware of some danger of assault to petitioner; (2) the employer required the workman to work in the face of that danger. There is no evidence in the record as to what Mountain Bell would have required had it been made aware of the existence of a danger to petitioner, hence this Court will not apply the *Carter* decision to the instant case.

■ Mrs. Epperson next argues that the "arising out of" element is unnecessary in this case. She contends that A.R.S. § 23–901(9) only requires that the "in the course of employment" element be established in cases involving the willful act of a third person. We disagree. In cases involving assaults, Arizona courts have consistently held that one must prove that the assault occurred in the course of employment *and* that it arose out of the employment. *Peter Kiewit Sons' Co. v. Industrial Commission of Arizona,* supra; *Van Duzee v. The Industrial Commission of Arizona,* 25 Ariz.App. 395, 543 P.2d 1152 (1975); *Toler v. The Industrial Commission of Arizona,* supra.

We have examined the additional authorities [1] cited by the petitioner and have concluded that they do not support a result contrary to the one reached here. Mrs. Epperson relies upon *Van Duzee v. The Industrial Commission of Arizona,* supra, in urging that her injury arose out of her employment. *Van Duzee* is inapposite here. The crucial issue in that case revolved around Van Duzee's role as a peacemaker. The award was set aside in the absence of a specific finding on that question. Compensation was sought on the theory that regardless of the origin of the initial assault, Van Duzee was injured while acting as a peacemaker, endeavoring to stop a fight which was disrupting the employer's work. The case at bar involves

---

1. Pursuant to permission granted by the Court at oral argument.

an assault of a purely private origin which we find not to have been exacerbated by the employment situation.

█ It is argued that reversible error was committed by the hearing officer in excluding from evidence the deposition of the security guard who was present at the shooting. This deposition was taken for use in a related civil suit brought by Mrs. Epperson against Continental Security Guards.

The hearing officer's exclusion of the deposition can be supported by the rationale of Rule 42(g), Rules of Procedure Before the Industrial Commission of Arizona,[2] the common law regarding the use of such depositions,[3] and the Rules of Civil Procedure pursuant to which the deposition was taken.[4] The deponent security guard was not deceased. He was available to testify at the hearing as he was present under subpoena. Mrs. Epperson simply chose to waive his testimony. She cannot now argue that she was prejudiced by the exclusion of this evidence. Mountain Bell was not a party to the civil action and was not represented by counsel at the guard's deposition, hence there was no opportunity to make the appropriate objections and cross examination. The civil case involved different issues including fault concepts which are foreign to workmen's compensation.

█ Petitioner also complains of the exclusion from evidence of the written contract between Continental Security Guards and Mountain Bell. The hearing officer found that this contract pertained to insurance other than workmen's compensation, i. e., indemnification, and was written in terms of liability and fault concepts. The hearing officer concluded that the contract was not material or relevant to the issues before him. Hearing officers, like trial judges, have broad discretion in determining whether to admit matters into evidence, even though Industrial Commission matters are not governed by strict rules of evidence. *Gordon v. The Industrial Commission of Arizona*, 23 Ariz.App. 457, 533 P.2d 1194 (1975). In this case, however, we cannot see how petitioner was prejudiced by this exclusion inasmuch as an employee of Continental Security Guards had been subpoenaed by petitioner and was present to testify to the nature of the contractual relationship existing between Continental and Mountain Bell. He was excused and his testimony waived by petitioner.

█ The final contention of petitioner is that finding No. 4 of the award should be vacated. That finding upheld the validity of the Notice of Claim status issued by the carrier on May 15, 1974, which was sent directly to petitioner and not to

2. Rule 42(g) Rules of Procedure before the Industrial Commission of Arizona, provides: "Depositions taken pursuant to the provisions of this rule shall only be used for impeachment of a witness during a hearing, unless the deponent is deceased at the time of the scheduled hearing, in which event it may be admitted into evidence."

3. *George R. Whitten Jr., Inc. v. State University Construction Fund*, 359 F.Supp. 1037 (D.Mass.1973) [affirmed 493 F.2d 177 (1st Cir. 1974)]; *Hertz v. Graham*, 23 F.R.D. 17, 22 (S.D.N.Y.1958); *Tobacco and Allied Stocks, Inc. v. Transamerica Corporation*, 16 F.R.D. 545 (D.Del.1954); *Ettlinger v. Collins*, 25 Ariz. 115, 213 P. 1002 (1923).

4. Rule 32(a)(3) Rules of Civil Procedure, 16 A.R.S.: "(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 50 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

her attorney of record. Petitioner contends that this was insufficient service under Rule 58, Rules of Procedure of the Industrial Commission of Arizona. This is technically true; however, in view of the absence of any prejudice to petitioner as a result of this faulty service, we decline to attach any legal significance to the omission. Mrs. Epperson informed her counsel of the notice, and timely and appropriate action protesting the notice was taken. The filing of the protest and the request for hearing served to insure that all of petitioner's rights were protected. No punitive benefits are due petitioner by the terms of A.R.S. § 23–1061(M).

Having set forth all of the facts in a light most favorable to the award of the hearing officer, *Micucci v. The Industrial Commission of Arizona*, 108 Ariz. 194, 494 P.2d 1324 (1972), it is clear that the decision of the hearing officer is amply supported by both the facts and the law of this jurisdiction.

The award is affirmed.

HAIRE, Chief Judge, Division 1, and EUBANK, P. J., concurring.