699 P.2d 1330

**Charles DURON, Plaintiff/Appellant,**

v.

**STATE of Arizona, ex rel. DEPART-
MENT OF ECONOMIC SECURITY and
the Arizona State Personnel Board, De-
fendants/Appellees.**

**No. 2 CA–CIV 5199.**

Court of Appeals of Arizona,
Division 2, Department B.

April 4, 1985.

Cole & O'Neil by William E. Dumke, Jr., Casa Grande, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Jeffrey F. Arbetman, Phoenix, for defendants/appellees.

OPINION

LIVERMORE, Judge.

By letter dated November 2, 1983, and mailed to him at his Casa Grande home by certified mail on the same day, appellant, Charles Duron, was notified of his dismissal from employment with the Department of Economic Security. Because Duron was in a Scottsdale hospital, a fact allegedly known to his employer, he did not receive the letter until November 9, after being notified by a neighbor of its attempted delivery. He called his union representative on November 10, a Thursday, and met with him on Monday, November 14. An appeal was filed with the Arizona State

Personnel Board on November 15. Jurisdiction was denied on the ground that the appeal was untimely. Action was then brought in superior court. That action was dismissed on the ground that the court lacked jurisdiction to review the board's action because the board lacked jurisdiction to hear Duron's appeal. Duron then appealed to this court. We have jurisdiction under A.R.S. § 41–785(E).

The applicable personnel rule, A.C.R.R. R2–5–402(C)(1), provides:

"The appointing authority may remove any employee with permanent status only for cause as provided in A.R.S. § 41–770 or in R2–5–401, but not before furnishing the employee personally or by certified mail with a written statement of the statutory or other grounds and the specific reasons for dismissal in sufficient detail to inform him of the facts, with a copy of such written notification provided to the Director. The appointing authority shall include in the written statement to the employee notice of the employee's right to appeal in writing to the Board within ten calendar days from the effective date of the action."

A.R.S. § 41–785(A) provides:

"Any employee who has completed his probationary period of service as provided by the personnel rules may appeal to the board seeking relief from dismissal from state service.... The appeal shall be filed not later than ten days after the effective date of such action. The employee shall be furnished with specified charges in writing when the action is taken...."

The state argues that the effective date of removal is the date on which a certified letter is mailed and that the ten-day requirement for the appeal is jurisdictional. We disagree.

■ The personnel rules make the effective date of removal contingent upon notification, personally or by certified mail, of the grounds for removal and the right to appeal. By its terms, therefore, the effective date of removal is the date on which notice is received. The state urges us to find that the date of removal is the date on which notice is mailed. We decline to do so. Were we so to hold, it would be possible for an unscrupulous administrator to mail a notice of removal at a time, such as when an employee was on vacation, when receipt would not occur and thus to eliminate an employee's appellate rights. Such a construction would create grave constitutional doubts. See *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982).

■ Alternatively, even if notice were effective on mailing, the time limits in A.R.S. § 41–785(A), by analogy to those governing workers' compensation claims, are non-jurisdictional, thus allowing the personnel board to waive non-compliance on a showing of an excuse. If there is a factual dispute on the presence of an excuse, the matter could be referred for hearing. *Nelson v. Industrial Commission*, 134 Ariz. 369, 656 P.2d 1230 (1982). As stated in *In re Trull*, 21 Ariz.App. 511, 513, 520 P.2d 1188, 1190 (1974):

"In practically all other fields of law we have rules and abundant case law which affords relief in appropriate cases where a party fails to meet a specific time limitation.... It is the announced general policy of the law that cases should be tried on their merits and not disposed of on technicalities."

We hold, as a matter of law, that filing an appeal within six days of actual notice of the right to appeal and only three days after the ten-day time limit expired, is excusable when no state interest has been prejudiced. See also *Cook v. Industrial Commission of Arizona*, 133 Ariz. 310, 651 P.2d 365 (1982).

The order of the trial court is reversed and the case is remanded for the entry of an order requiring the personnel board to hear Duron's appeal.

HATHAWAY, P.J., and LACAGNINA, J., concur.