NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROBERT NYSWANER, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF CORRECTIONS, an agency of the State of Arizona; ARIZONA STATE PERSONNEL BOARD, an agency of the State of Arizona; JOSEPH C. SMITH, in his capacity as a member of the Arizona State Personnel Board; MARK ZISKA, in his capacity as a member of the Arizona State Personnel Board; JIM THOMPSON, in his capacity as a member of the Arizona State Personnel Board; PATRICK QUINN, in his capacity as a member of the Arizona State Personnel Board; MARK STANTON, in his capacity as a member of the Arizona State Personnel Board, *Defendants/Appellees*.

No. 1 CA-CV 14-0015
FILED 2-12-2015

Appeal from the Superior Court in Maricopa County
No. LC2012-000685-001
The Honorable Crane McClennen, Judge

**AFFIRMED**

COUNSEL

Bihn & McDaniel, PLC, Phoenix
By Donna M. McDaniel
*Counsel for Plaintiff/Appellant*

Ryley Carlock & Applewhite, PA, Phoenix
By Lisa S. Wahlin
*Counsel for Defendant/Appellee Arizona Department of Corrections*

Jackson Lewis, LLP, Phoenix
By Jeffrey A. Bernick
*Counsel for Defendants/Appellees Arizona State Personnel Board and its members*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

---

**C A T T A N I,** Judge:

¶1        Robert Nyswaner challenges a decision by the Arizona Department of Corrections ("ADC") to demote him from correctional Lieutenant to correctional Sergeant following admitted misconduct. Nyswaner argues that his disciplinary proceedings did not comply with timelines specified by ADC policy. Nyswaner further argues that the State Personnel Board ("Board") erred by remedying an alleged discovery violation by ADC by ordering a new hearing, rather than by permanently precluding the evidentiary use of untimely disclosed documents. For reasons that follow, we reject Nyswaner's arguments and affirm the superior court's decision to uphold the discipline imposed by the Board.

**BACKGROUND**

¶2        Nyswaner became a correctional Lieutenant at the Arizona State Prison Complex-Lewis ("Prison") in 2002. In June 2011, Nyswaner's supervisors commenced an investigation into allegations that Nyswaner had committed numerous violations of ADC procedures and policies, including the unauthorized possession of a restricted file cabinet key ("Key

Charge") and several instances of staff/inmate misconduct ("Inmate Misconduct Charge").[1]

¶3        As a result of a contemporaneous audit, the Prison Warden learned that Nyswaner had authorized and submitted incorrect and unverified personal attendance reports ("PAR") prepared by a correctional officer under his supervision.  The audit led to an additional investigation and charge against Nyswaner ("PAR Charge").  Although he attempted to justify and minimize his conduct, Nyswaner admitted the Key and Inmate Misconduct Charges, and he admitted he did not verify his subordinate's attendance reports as required before submitting them to payroll.

¶4        The Warden requested three extensions of time to investigate and conclude the disciplinary process.  Each request was approved, and on December 16, 2011, the disciplinary proceedings ended with Nyswaner being demoted to Sergeant.

¶5        Nyswaner appealed his demotion to the Board, arguing he did not violate ADC's policies and procedures as alleged.  The Board, pursuant to Nyswaner's request, issued a *subpoena duces tecum* directing ADC to produce, among other items, internal documentation of the Warden's extension requests ("Extension Memoranda").  ADC did not disclose the Extension Memoranda to Nyswaner prior to the February 17, 2012 appeal hearing ("First Hearing").

---

[1]      ADC alleged in particular that Nyswaner:

(1)      removed a file cabinet key from a restricted key set without authority, personally possessed the key, and when confronted, untruthfully responded that he did not have the missing key;
(2)      permitted unauthorized inmates to use a State-owned computer that could access the internet, the prison's intranet, and administrative "shared drives," and, on a separate occasion, to download music to that computer;
(3)      allowed an inmate to have an unauthorized "food visit;"
(4)      allowed a subordinate officer to give an inmate a personal note the officer's six-year-old daughter had written to the inmate; and
(5)      had knowledge of, but did not report, the fact that several inmates had been improperly released from their cells to assist in work projects, including cleaning a restricted room known as the "War Room" that contained sensitive information and equipment.

¶6         During opening statements at the First Hearing, Nyswaner asserted for the first time that ADC had not timely completed the disciplinary proceedings at issue. The hearing proceeded, and, while questioning the Warden during its case-in-chief, ADC referred to the Extension Memoranda. Nyswaner objected to the evidentiary use of the documents because they had not been disclosed. Nyswaner agreed, however, with conditionally admitting the Extension Memoranda into evidence "to just get the hearing done," and requested that he be given an opportunity to present further evidence and argument if the hearing officer were to conclude that the documents were relevant to the decision.

¶7         At the conclusion of evidence, the hearing officer recommended that the Board reset a *de novo* hearing to ameliorate any prejudice to Nyswaner from the untimely disclosure of the Extension Memoranda. The hearing officer found: (1) the failure to timely disclose was unintentional; (2) administrative case law generally favors resolving cases on the merits rather than on procedural grounds; and (3) a new hearing would "render[] the [disclosure] violation harmless." *See Duron v. State ex rel. Dep't of Econ. Sec.*, 145 Ariz. 99, 100, 699 P.2d 1330, 1331 (App. 1985) ("It is the announced general policy of the law that cases should be tried on their merits and not disposed of on technicalities.") (internal quotation marks and citation omitted). Nyswaner objected to the recommendation, arguing that the hearing officer should have instead rendered a decision without considering the Extension Memoranda. The Board rejected Nyswaner's arguments and ordered that a new hearing be conducted by a different hearing officer.

¶8         On August 31, 2012, Nyswaner and the Warden testified at the reset hearing ("Second Hearing"), and the hearing officer admitted the Extension Memoranda over Nyswaner's objection. Nyswaner again admitted the allegations against him, and the hearing officer recommended denying Nyswaner's appeal and sustaining his demotion. The hearing officer expressly rejected Nyswaner's argument that his demotion should be reversed because the Board had violated its procedures and policies by extending the time to conduct the misconduct investigation. The Board unanimously adopted the hearing officer's recommended findings, conclusions, and disposition.

¶9         Nyswaner appealed to the superior court, again arguing ADC violated Arizona law by failing to timely disclose the Extension Memoranda, and that the proper remedy was exclusion of the evidence, not a *de novo* hearing. Nyswaner also argued that ADC violated its own policies regarding the granting of investigation extension requests. In a signed

minute entry, the superior court affirmed the Board's decision. Nyswaner moved for reconsideration. Before the court ruled on Nyswaner's post-judgment motion, Nyswaner timely appealed from the court's minute entry ruling.[2] We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-913 and 41-783(G).[3]

## DISCUSSION

### I. Standard of Review.

**¶10** A party may appeal the Board's decision to the superior court on the ground that the decision was "[f]ounded on or contained [an] error of law," was "[u]nsupported by any evidence as disclosed by the entire record," was "materially affected by unlawful procedure," violated a constitutional provision, or was arbitrary or capricious. A.R.S. § 41-783(F).[4]

**¶11** In reviewing the superior court's judgment, we reach the same underlying issues as did that court in reviewing the Board's decision. *See Pima Cnty. v. Pima Cnty. Merit Sys. Comm'n*, 189 Ariz. 566, 569, 944 P.2d 508, 511 (App. 1997). We review a hearing officer's admission of evidence

---

[2]     Relying on *Craig v. Craig*, 227 Ariz. 105, 253 P.3d 624 (2011), ADC asserts that the notice of appeal Nyswaner filed was premature because of his pending motion for reconsideration in superior court. In *Craig*, the Arizona Supreme Court held that "a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is 'ineffective' and a nullity." *Id.* at 107, ¶ 13, 253 P.3d at 626. Here, neither of these preconditions are implicated. The signed minute entry ruling was a final judgment (and Nyswaner timely appealed from it), and Nyswaner's motion for reconsideration was not a time-extending motion. *See Focal Point, Inc. v. Court of Appeals,* 149 Ariz. 128, 129, 717 P.2d 432, 433 (1986) (holding that a minute entry is a final judgment if it is signed by a judge and filed with the clerk); Ariz. R. Civ. P. 7.1(e) (motions for reconsideration "shall not operate to extend the time within which a notice of appeal must be filed.").

[3]     Absent material revisions after the relevant date, we cite a statute's current version.

[4]     Effective September 29, 2012, the statute was renumbered from A.R.S. § 41-785 to A.R.S. § 41-783. 2012 Ariz. Sess. Laws, ch. 321, § 122 (2nd Reg. Sess.).

for an abuse of discretion. *See Epperson v. Indus. Comm'n*, 26 Ariz. App. 467, 471, 549 P.2d 247, 251 (1976) ("Hearing officers, like trial judges, have broad discretion in determining whether to admit matters into evidence."). We review issues of statutory interpretation and other questions of law *de novo. Dressler v. Morrison*, 212 Ariz. 279, 281 ¶ 11, 130 P.3d 978, 980 (2006); *City of Tucson v. Clear Channel Outdoor, Inc.,* 218 Ariz. 172, 178, ¶ 5, 181 P.3d 219, 225 (App. 2008).

## II.	Proper Remedy for Disclosure Violation.

**¶12**	Pursuant to statute and the subpoena issued to ADC, the agency was required to disclose the Extension Memoranda to Nyswaner no later than ten business days before the First Hearing. A.R.S. § 38-1101(D)(2) (2012)[5] ("[N]o later than ten business days before the appeal hearing, the employer and the law enforcement officer . . . shall exchange copies of any documents that may be introduced at the hearing and that have not previously been disclosed."). Because ADC did not timely disclose the Extension Memoranda, the admissibility of those documents in the administrative hearings is governed by A.R.S. § 38-1101(H), which provides as follows:

> A party who violates . . . subsection E . . . of this section, unless the violation is harmless, shall not be permitted to use that evidence at the hearing, except on a showing of good cause. The hearing officer or administrative law judge, on a showing of good cause, may grant the opposing party a continuance, otherwise limit the use of the evidence or make such other order as may be appropriate.

**¶13**	Nyswaner argues the Board erred as a matter of law by ordering the Second Hearing instead of finding that the Extension Memoranda was inadmissible. Nyswaner asserts that the disclosure violation was not harmless or justified by good cause, and thus the Board did not have discretion under § 38-1101 to remedy the violation other than by ordering the Extension Memoranda inadmissible. Nyswaner also contends the "specific statute," A.R.S. § 38-1101, controls the "general rule"

---

[5]	The legislature revised and renumbered § 38-1101 effective August 2, 2012. *See* 2012 Ariz. Sess. Laws, ch. 276, § 1 (2nd Reg. Sess.). Therefore, throughout this decision, we cite the version in effect at the time of the First Hearing. *See* 2011 Ariz. Sess. Laws, ch. 230, § 4 (1st Reg. Sess.).

favoring resolution of administrative actions on the merits instead rather than on procedural grounds.

¶14      We reject Nyswaner's arguments for two reasons. First, although § 38-1101 can be a basis for preventing a party from using untimely disclosed evidence at a hearing, the statute does not preclude the option of vacating the hearing and setting a new one so the prejudiced party has an adequate opportunity to review the late-disclosed materials. And any alleged prejudice was in fact harmless because Nyswaner was afforded time to review the documents at issue prior to the Second Hearing.[6]

¶15      Second, ADC showed good cause to justify the late disclosure. Prior to opening statements at the First Hearing, Nyswaner had not indicated an intent to challenge his demotion on the basis that ADC's investigation was untimely. ADC's attorney thereafter explained that the failure to disclose was inadvertent, and Nyswaner did not dispute that characterization. Indeed, Nyswaner's attorney expressly did not fault the Warden or opposing counsel and admitted they "probably didn't know that I didn't have [the documents] until today." These comments by counsel support the Board's finding that the late disclosure was unintentional, and on this record, we conclude the Board acted within its broad discretionary authority under § 38-1101(H) by ordering the Second Hearing, rather than precluding ADC from introducing in evidence the Extension Memorandum.

## III.    Timeliness of Demotion.

¶16      Nyswaner argues that he is entitled to relief because ADC violated its policy requiring imposition of employment discipline within 60 days of the date an employee receives notice of misconduct allegations and does not dispute them. He claims ADC's policy does not allow extensions to the 60-day limit; thus, because he did not dispute the charges, Nyswaner contends the extensions in this case were improper. Additionally, Nyswaner argues that no extension request was made regarding the PAR Charge, and he asserts the third extension request violated ADC policy because it did not specify the reasons an extension was needed. Based on

---

[6]     We reject Nyswaner's position that the Second Hearing unfairly prejudiced him because it resulted in continued stress and expenditures of resources. This is not the type of due process prejudice contemplated under § 38-1101. Further, contrary to Nyswaner's implication, § 38-1101 does not require specific findings regarding harmlessness and/or good cause justifying a particular remedy imposed for a discovery violation.

the purported lack of evidence that ADC followed its own policies regarding the timeframes within which to impose discipline, Nyswaner asserts the Board arbitrarily and capriciously upheld his demotion. We disagree.

¶17        ADC's alleged failure to follow its own policies was not actionable in this context. Nyswaner does not assert that the disciplinary timelines were part of a negotiated employment agreement or were otherwise contractually mandated. Nor does Nyswaner assert that the alleged delay prejudiced his ability to defend against the allegations. Accordingly, he has not established a basis for relief.

¶18        Furthermore, the record reflects that the extensions were granted at least in part for Nyswaner's benefit. The Warden requested extensions so the three charges against Nyswaner could be combined into one disciplinary action. By combining the charges, Nyswaner avoided being immediately dismissed from employment, which was an available option for any of the charged offenses. Moreover, the evidence showed that Nyswaner was voluntarily absent from work for six weeks during the investigation, which contributed to the need for the second and third extensions.

¶19        Finally, the record reflects that ADC in fact followed its policies. Although ADC's written policy only addresses extensions in cases involving the 120-day time limit, the policy does not preclude extensions in cases involving the 60-day time limit, and the court properly admitted testimony from the Warden that she interpreted the policy as allowing such extensions.[7] *See, e.g., Baca v. Ariz. Dep't of Econ Sec.*, 191 Ariz. 43, 45–46, 951 P.2d 1235, 1237–38 (App. 1997) (agency's interpretation of statutes and its regulations "entitled to great weight"). Further, the Warden testified that, because Nyswaner did not fully admit to the "totality of the [PAR] allegation" (an allegation that also required inquiry into the subordinate officer's apparent misconduct), extensions were necessary to conduct the investigation and determine the appropriate discipline.

¶20        For the foregoing reasons, the Board did not abuse its discretion or unfairly prejudice Nyswaner by ordering a *de novo* hearing.

---

[7]        The written policy states: "In extenuating circumstances, Investigators and approving authorities shall submit a request to the Director, through their respective chain of command, requesting approval to extend the 120-calendar day time frame."

The Board's decision upholding Nyswaner's demotion was not legally erroneous and was neither arbitrary nor capricious. *See* A.R.S. § 41-783(F).

**CONCLUSION**

**¶21**         We affirm the Board's decision upholding Nyswaner's demotion.

